502 A.2d 617

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James A. MALENO.**

Superior Court of Pennsylvania.

Submitted Oct. 31, 1985.

Filed Dec. 13, 1985.

Eric B. Henson, Deputy District Attorney, Philadelphia, for Com., appellant.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellee.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

TAMILIA, Judge:

The crux of this case is the assignment of a correct prior record score to a conviction under a (prior) statute which did not contain variations in grading for the offense in question. Inextricably involved in this issue is the extent to which the court is bound by criminal record information contained in a presentence report.

Appellant entered an open plea of guilty to simple/aggravated assault for his apparently unprovoked attack with a baseball bat upon his paramour's father. The assault produced a skull fracture, and ultimately, permanent brain damage. The sentence imposed was 25 months to 7 years imprisonment, which the Commonwealth, pursuant to 42 Pa.C.S.A. § 9781(b)[1] claims is reflective of an impermissible deviation from the sentencing guidelines.

The issue arises because in computing the penalty the court assigned a prior record score of one to appellee's 1974 robbery conviction; the presentence report had calculated the score at a value of three. The governing 1972 robbery

---

1.  42 Pa.C.S.A. § 9781

(b) Allowance of appeal.—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

statute contained only one grading of that offense—first degree felony, which under the guidelines carries a score of three. The court found that the Commonwealth is required to prove the grading of a prior offense from the trial record, and although given the opportunity failed to do so. The court further explained that prior law was not within the contemplation of the guidelines, and that it would be unfair "to count an offense a robbery of the first degree simply because it occurred under the prior Act." (Slip Op. at 3)

To begin in anticlimatic sequence, the pronouncement of the court as to the Commonwealth's burden of proof runs counter to our holding in *Commonwealth v. Charles*, 339 Pa.Super. 284, 488 A.2d 1126 (1985), that:

> ... the defense has the burden of alleging invalid prior convictions, and that if the allegations appear to have merit, the court ordinarily should inquire into the circumstances surrounding the convictions. If the allegations warrant it, the court should require the production of evidence by the Commonwealth showing the validity of the convictions. If the defendant fails to prove to the satisfaction of the court that the inference of constitutional adjudications is wrong, the court may infer that a presentence report showing convictions is accurate, and proceed on that basis.

We extrapolate from this rule the conclusion that information concerning prior convictions in the presentence report is presumed to be valid, which presumption can only be rebutted by the defense, and need not be supported by evidence from the Commonwealth unless and until a challenge is voiced.

Such a deduction is implicit in the provisions of 42 Pa.C.S.A. § 9737:

**§ 9737. Report of outstanding charges and sentences**

The court shall order that an appropriate agency shall determine all criminal charges brought in any court against the defendant and report to the court on the status or the disposition of such charges. The court shall

also be informed if the defendant is then serving any term of imprisonment, or is on probation or parole with reference to any such charges, or is entitled to credit for any time in accordance with section 9760 (relating to credit for time served).

As the language indicates, it is incumbent upon the court, regardless of whether or not any other presentence material has been ordered, to obtain a criminal history of the defendant from "an appropriate agency," normally the county department of probation and parole. R.S. Wasserbly, *Pennsylvania Criminal Practice*, § 31.13. The presumption of accuracy raised by the mandatory nature of the statute removes it from among the prerogatives of the court. Again, validity of the prior record is a matter for the defense to contest, not one within the court's discretion to construe. Such arbitrariness would be contrary to the policy behind adoption of the sentencing guidelines, i.e. to promote, within certain specified limits, that degree of uniformity which is consistent with justice.

■ The application of this principle, and its coalescing with the broad discretion of the trial court in sentencing, *Comonwealth v. McCall*, 320 Pa.Super. 473, 467 A.2d 631 (1983), can be seen from the structure of the computation process. The (offense gravity score) numbers assigned to particular crimes are predetermined by the guidelines; the prior record score affixed to past convictions is calculated from the files of the "appropriate [record keeping] agency." These numbers in conjunction provide the court with three ranges of penalty for each offense within which to exercise discretion based on totality of circumstances. In appropriate cases the numbers can be ignored altogether when a sentence outside the guidelines and supported by an explanation on the record is imposed. In neither instance are the numbers themselves modifiable[2] at the option of the court.

**2.** We note that the trial court expressed its determination to impose the same sentence regardless of the prior record score, availing itself of the latitude with which the guidelines sentencing process is invested.

The legislatively required criminal history, therefore, is a matter of certitude for the assistance of the court until charged and proven to be otherwise.

■ With respect to the value assigned to offenses committed under prior statutes, we hold that where the former statute did not grade the offense, the equivalent offense under the new code is determinative of prior record score.[3] We base our conclusion on two analogies. The first appears in *Commonwealth v. Nixon*, 328 Pa.Super. 250, 476 A.2d 1313 (1984). In that case we held that where the classification of an offense graded by statute was not particularized in the information, the defendant's plea of guilty applied only to the less serious crime. It seems to us that this case is illustrative of the inverse of the situation here—that only where the particular statute allows options in terms of grading, can the consequences of committing the offense vary. The second analogue is more direct. In *Commonwealth v. Kramer*, 474 Pa. 341, 378 A.2d 824 (1977), our Supreme Court held that prosecution of a (voluntary) manslaughter committed in 1967 but not reported until 1974 was not barred by the Crimes Code statute of limitations (§ 108), because there had been no prior statute of limitations for that offense. Again, the provisions of the statute itself are dispositive.

■ Under the rule to be extracted from these cases, appellee, having been tried and convicted under a former law which limits robbery to a felony-one grade, carries the designation of the crime with him as a prior record score. There are no grounds on which to justify the court's translation of the offense into another category, especially in view of appellee's failure to challenge the validity either of the conviction or its connotation.

■ Finally, appellant claims that the court unreasonably deviated from the sentencing guidelines. Although we again acknowledge the latitude available to the court in sentencing, we are forced to agree. This case seems to us

---

**3.** Appellant points out that similar language appears in a suggested amendment to 204 Pa.Code § 303.7(d) as published in Pa.Bull.Vol. 15, No. 27, 7/6/85 at 2449.

egregious, as is often the case when violence results in an unalterable diminution of a victim's capacity to enjoy a satisfactory existence. During the sentencing hearing, the court, obviously aware of the changes wrought in the victim by appellee's actions,[4] stated, "... we are getting side tracked on the issue of the prior record score, and we are not pinpointing what is important in this case, and that is the feelings of all these people." (S.T. at 53)

We strongly disagree, believing that the court has misread not only the nature of the proceeding, but the results that must under law, accrue. Feelings of sympathy for the family and supporters of the defendant are not, in fact, the issue; what matters is actions taken in derogation of the law, and more importantly, with a degree of violence which threatened the life of another, and in fact permanently diminished his quality of life forevermore. We, therefore, vacate judgment of sentence and remand for sentence to be imposed consistent with this Opinion.

Judgment of sentence vacated. Case remanded for resentencing.

---

**4.** Although the sentencing transcript contains a litany of symptoms occasioned by the brain damage resulting from the victim's fractured skull, the Opinion states only that, in addition to "some memory loss as well as the diminishment of certain motor functions[,] [h]e could not be specific as to the extent of his disabilities." (Slip Op. at 1.)