502 A.2d 694

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Margaret SHERIDAN.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1985.

Filed Dec. 27, 1985.

7. We have the benefit of the *excellent* appellee's brief filed in this case.

Harriet R. Brumberg, Assistant District Attorney, Philadelphia, for Com., appellant.

David E. Shapiro, Philadelphia, for appellee.

Before WIEAND, CERCONE and ROBERTS, JJ.

CERCONE, Judge:

■ This case is a direct Commonwealth appeal from the judgment of sentence imposed on appellee following her plea of guilty to four (4) counts of delivery of a controlled substance. 35 Pa.S. § 780–113(a)(30). The mitigated minimum sentence under the Sentencing Guidelines, 42 Pa.C. S.A. § 9712 *et seq.*, is two (2) to four (4) months imprisonment for each of appellee's four convictions.[1] Appellee was sentenced to five (5) years strict drug probation subject to many conditions.[2] The Commonwealth appeals, pursuant to 42 Pa.C.S.A. § 9781[3], alleging that the lower court's deviation from the sentencing guidelines is manifestly unreasonable under the statutorily-mandated totality of the circum-

1. The "offense gravity score" assigned to each of appellee's offenses is six (6). Her "prior record score" is zero (0).

2. The conditions of probation included the requirement that appellee achieve her G.E.D., maintain employment, and submit to systematic urine analysis to check for drug content.

3. As a general rule, when sentence imposed is outside the Sentencing Guidelines, *supra,* this court will conclude that there is a substantial question that the sentence imposed is not appropriate under the Guidelines and will allow the Commonwealth's appeal. *See Commonwealth v. Drumgoole,* 341 Pa.Superior 468, 491 A.2d 1352 (1985). Our review of the record convinces us that a substantial question exists in this case and, therefore, the Commonwealth's appeal will be allowed.

stances analysis as set forth in 42 Pa.C.S.A. § 9781(d). As a corollary argument, the Commonwealth asserts that the sentencing court failed to provide an adequate contemporaneous statement of its reasons for the sentence.

In *Commonwealth v. Drumgoole, supra,* the level of review to be used by this court was succinctly set forth, wherein it is stated:

The legislature has provided that the appellate court, in reviewing the discretionary aspects of a sentence on appeal, shall affirm the trial court's sentence unless it finds: (1) that the guidelines were erroneously applied; (2) that the sentence even though within the guidelines, is "clearly unreasonable"; or (3) that the sentence, if outside the guidelines, "is unreasonable". In any one of these three circumstances, we are required to vacate the trial court's sentence and remand the case with instructions. 42 Pa.C.S.A. § 9781(c). In determining whether a particular sentence is "clearly unreasonable" or "unreasonable", the appellate court must consider the defendant's background and characteristics as well as the particular circumstances of the offense involved, the trial court's opportunity to observe the defendant, the pre-sentence investigation report, if any, the Sentencing Guidelines as promulgated by the Sentencing Commission, and the "findings" upon which the trial court based its sentence.

341 Pa.Superior at 473, 491 A.2d at 1354. After reviewing the record in this case, we find that the sentencing court did not abuse its discretion in imposing sentence and that its stated reasons for imposing probationary sentence are supported by the record.

At the reconsideration of sentence hearing [4], the court enumerated several factors which it had considered in determining sentence:

4. Following the intial sentencing, the Commonwealth timely filed a Petition to Vacate and Modify Sentence. After a full hearing, the court denied the petition and reimposed the initial sentence.

(1) Appellee has a supportive family.

(2) Appellee has an eight year old child, with special medical needs, to support.

(3) Although seriously engaged in drug trafficking, appellee was not so deeply involved that she couldn't start a new life.

(4) Incarceration would be more harmful to appellee, because of her psychological structure, than its punitive effects would be helpful.

(5) Appellee's remorse for her involvement with drugs and her fear of losing custody of her child would act as deterrents to future misconduct.

(6) A long and strict period of probation would not deprecate the seriousness of the offense.

(7) Appellee was currently in compliance with conditions of probation.

These factors are supported by the record in this case. In making this determination, we look to all evidence presented at any proceeding in this case as well as to the Pre-sentence Report.

It is clear that the trial judge has broad discretion in imposing sentence. *Commonwealth v. Knepp*, 307 Pa. Superior 535, 539, 453 A.2d 1016 (1982) (citing cases). The Sentencing Guidelines were enacted to provide a guide to the courts; they are not mandatory. *See* 42 Pa.C.S.A. § 9721; 204 Pa.Code Ch. 303, § 303.1(a). They do not preclude appropriate exercise of judicial discretion. *See, generally, Commonwealth v. Drumgoole, supra; Commonwealth v. Hutchinson*, 343 Pa.Superior 596, 495 A.2d 956 (1985). There can be no doubt that under Pennsylvania law sentences must be imposed individually, taking into account not only the offense but the characteristics of the offender. *See, generally, Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976) (Identical sentences imposed on three co-defendants, without regard to individual character-

istics and circumstances of each defendant, were illegal); *Commonwealth v. Riggins,* 474 Pa. 115, 122, 377 A.2d 140 (1977) ("This system of indeterminate sentencing 'necessitates the granting of broad discretion of the trial judge, who must determine, among the sentencing alternatives and the range of permissible penalties, the proper sentence to be imposed.' [*Commonwealth v. Martin, supra,*] 466 Pa. at 130, 351 A.2d at 656." (footnote citing cases omitted)); and *Commonwealth v. Green,* 494 Pa. 406, 431 A.2d 918 (1981).

▮ A sentence must be the minimum punishment consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *Commonwealth v. Edrington,* 490 Pa. 251, 256, 416 A.2d 455, 457 (1980). Our review of the record convinces us that the sentencing court did not abuse its discretion in this case. The pre-sentence report indicates that appellee does come from a stable family, that her son is a well-behaved child who succeeds at school, and that appellee has responded well to a drug treatment program. While the Commonwealth insists that appellee's involvement with drug trafficking must have been more extensive than the four sales for which she was convicted, it provided no direct evidence of such. In fact, appellee's explanation as to the extent of her involvement was plausible. Finally, a psychological report on appellee indicated that she had restricted intelligence with an extremely weak ego structure and that incarceration would exacerbate her problems. The combination of factors involved in this case are sufficient to support the sentence which was imposed outside the Sentencing Guidelines.[5] Accordingly, the judgment of sentence is affirmed.

Affirmed.

[5]. Although the lower court did not refer to 42 Pa.C.S.A. § 9722, many factors cited which may be accorded weight in favor of an order of probation are present in this case. See subsections (4), (8), (9), (10), (11), (12).