528 A.2d 219

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Amos CLEVELAND.**

Superior Court of Pennsylvania.

Submitted April 22, 1987.

Filed July 1, 1987.

---

Gaele M. Barthold, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

Robert R. Redmond, Philadelphia, for appellee.

Before POPOVICH, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

Following a non-jury trial, appellee was convicted of knowing or intentional possession of a controlled substance[1] and manufacture, delivery or possession with intent to manufacture or deliver a controlled substance.[2] Post-trial motions were denied and appellee was sentenced to a term of incarceration of 11½ to 23½ months followed by 10 years probation. As a condition of parole/probation appellee was ordered to complete at least one year in-patient

1. Act of April 14, 1972, P.L. 233, No. 64; 35 P.S. § 780–113(a)(16).
2. Act of April 14, 1972, P.L. 233, No. 64; 35 P.S. § 780–113(a)(30).

drug treatment, unless the court ordered differently. The sentence was to run concurrently to the sentence appellant was already serving for robbery. After the Commonwealth filed a petition to reconsider and modify sentence the court vacated the sentence. The court later denied the Commonwealth's petition and re-imposed the above sentence. The Commonwealth appeals to this Court from the judgment of sentence and raises one issue:

DID THE SENTENCING COURT UNREASONABLY DEVIATE FROM THE SENTENCING GUIDELINES IN SENTENCING DEFENDANT, A PREVIOUSLY CONVICTED MURDERER AND ROBBER, TO A SENTENCE MORE THAN FOUR YEARS BELOW THE MINIMUM GUIDELINES FOR THE SALE OF HEROIN?

Before we can reach the merits of the issue of the appropriateness of the sentence we must determine whether there exists a substantial question that the sentence imposed is not appropriate under the sentencing code, 42 Pa.C.S. § 9701 *et seq.. Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987. If the Commonwealth demonstrates such a question then it can invoke this Court's jurisdiction and obtain appellate review of the trial court's exercise of discretion in sentencing a defendant. *Tuladziecki, id.*

In compliance with Pa.R.A.P. 2119(f), the Commonwealth sets forth in a separate section of its brief a concise statement of the reasons upon which it relies for allowance of appeal with respect to the discretionary aspects of the sentence. Pa.R.A.P. 2119(f). The Commonwealth states:

Defendant was convicted of selling heroin. Although the pre-sentence investigation predicted recidivism, and despite defendant's record (which includes convictions for murder, robbery and aggravated assault), the sentencing court imposed a sentence of 11½ to 23½ months, to run concurrently with an earlier sentence, and 10 years probation. Since defendant was already incarcerated on another, lengthier sentence, the instant penalty is, in effect, purely probationary.

The sentencing court gave no proper consideration to the protection of the public, the nature and circumstances of the crime, defendant's history and characteristics, the pre-sentence investigation, or the sentencing guidelines. The sentence imposed also depreciates the serious nature of the defendant's crime. *See* 42 Pa.C.S.A. §§ 9721, 9722, 9725. Thus, the sentence below raises a substantial question as to whether the general scheme established by the Sentencing Code has been followed. The Court's review of this sentencing appeal is, therefore, appropriate.

■ Given the appellee's record and the seriousness of the crime, the actual sentence imposed by the trial court raises a substantial question as to whether the scheme, as a whole, established by the sentencing code has been compromised. We believe there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. Accordingly, we grant allowance of the appeal, and proceed to examine the merits of the Commonwealth's argument about the sentence.

In reviewing a sentence the legislature has mandated that we shall vacate the sentence and remand the case to the sentencing court with instructions if we find that the court sentenced outside the sentencing guidelines and that the sentence is unreasonable. 42 Pa.C.S. § 9781(c). The legislature has provided that:

In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

The trial court found the offense gravity score for delivery of heroin to be (8) eight and appellee's prior record

score to be (6) six. Accordingly, the minimum range under the sentencing guidelines, 204 Pa.Code § 303.1 *et seq.*, is 66 to 90 months, the aggravated minimum range is 90 to 112 months, and the mitigated minimum range is 50–66 months. The sentence imposed by the trial court of 11½ to 23½ months is thus outside the guidelines. We must determine whether such sentence is unreasonable.

■ The first area which we must address is the nature and circumstances of the offense and the history and characteristics of the defendant. Evidence presented at trial established that a police narcotics officer watched appellee sell several bags of heroin to another man in an abandoned Philadelphia building in the late morning hours of June 23, 1983. The record shows that appellee has been previously convicted on twelve separate occasions as an adult. These convictions include murder in the second degree, robbery, theft, aggravated assault and battery, assault and battery, larceny, possession of a controlled substance as well as other drug related offenses. The convictions date as early as 1958. Appellee has exhibited disrespect for the court system and failed to appear for sentencing before Judge Braxton on a prior robbery conviction. Appellee is currently 50 years old. The record reveals appellee was a heavy drinker and that he had a heroin addiction which grew into a $200 a day habit. Appellee has been offered treatment for the addiction from at least two treatment facilities. The record evidences a lifestyle of drugs and crime of considerable duration.

The second factor which we must consider is the opportunity of the sentencing court to observe appellee, including any presentence investigation. Keeping in mind the fact that the trial court did in fact observe appellee, we are confronted by the conclusion reached in the pre-sentence investigation, which was before the court, that:

The Defendant does not appear to be one who is motivated toward improving his position in life. Despite the drug programs which were afforded him in the past while he was on Parole and Probations for the State the Feds

and the City of Philadelphia he has nonetheless continued on his patterned adult anti-social criminal behavior. One can only assume judging from the Defendant's record that upon his release from custody his chances of recidivism will be great.

The mental health evaluation evidences that appellee does not have a major mental illness. The medical doctor who prepared the report concluded that there was no psychiatric reason which would interfere with the sentencing process.

The third factor that we must consider is the findings upon which the sentence was based. At the resentencing hearing the court presented various reasons for the lenient sentence. These included:

1). The quantity of the sale was small

2). The appellee's age (now 50)

3). The appellee's support obligation to his children

4). The fact that appellee had never had drug in-patient rehabilitation

5). The fact that incarceration would create a hardship for appellee.

Finally, we must consider the sentencing guidelines. As we have already discussed even the *mitigated* minimum range provided by the guidelines of 50–66 months greatly exceeds the 11½ to 23½ month sentence which appellee received. Appellee was thus sentenced not just outside the guidelines, but grossly outside of the guidelines.

Taking into consideration these four areas which the legislature has mandated that we regard in reviewing the record, we inexorably are led to one conclusion: the sentence imposed by the trial court is unreasonable and appellee must be resentenced.

In reaching this conclusion we are mindful of the great discretion vested in the trial court which allows it to tailor a sentence suited to the particular needs of a defendant. In this case the sentence is so extraordinarily lenient that it cannot stand in light of the record. In appellee's favor certainly is the fact that the court had an opportunity to

observe him and perhaps to be convinced of the hardship a longer sentence would impose on his children. Similarly, another factor which calls for leniency is that appellee apparently has not been involved in an in-patient drug rehabilitation program. Also, the court seemed to be convinced by certain expert testimony that in light of appellee's age, he was "aging out", i.e. that this type of criminality could be expected to diminish as appellee grows older.

Considering all of these things, and with all deference due to the trial court's judgment, we cannot ignore the fact that appellee was convicted of selling heroin. He has a prior record for drug related and violent crimes, not the least of which include murder, aggravated assault and battery and robbery. His sentence of 11½ to 23½ months was concurrent to the sentence he had already received for a prior conviction of robbery. In effect he received no new time for selling heroin. While the factors relied upon by the trial court may have justified sentencing within the mitigated minimum range, we see nothing which justifies the sentence actually imposed.

Accordingly, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.