567 A.2d 331

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Carlos MASIP.**

Superior Court of Pennsylvania.

Submitted Oct. 18, 1989.

Filed Dec. 7, 1989.

366

Hugh Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Arthur H. James, Philadelphia, for appellee.

Before BROSKY, ROWLEY and McEWEN, JJ.

BROSKY, Judge.

This is an appeal taken by the Commonwealth of Pennsylvania from the judgment of sentence imposed upon Carlos Masip following the latter's bench trial conviction of possession of a controlled substance, possession with intent to manufacture or deliver a controlled substance, possession of drug paraphernalia and criminal conspiracy.

On appeal, the Commonwealth complains that the sentencing court abused its discretion when it sentenced Masip to a minimum nine months' confinement on the charge of possession with intent to manufacture or deliver to be followed with terms of probation for the conspiracy and drug paraphernalia charges. We recognize that the Commonwealth has demonstrated the existence of a substantial question that the sentence imposed adversely impacts upon the scheme of the Sentencing Code as a whole. *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); *Commonwealth v. Cleveland,* 364 Pa.Super. 402, 528 A.2d 219 (1987); Pa.R.App.P. 2119(f). Therefore, we grant the Commonwealth's request to review this discretionary aspect of sentencing. Because we conclude that the court abused its discretion in sentencing Masip, we vacate the sentence imposed and reverse and remand for resentencing in accordance with the directives of this Opinion.

Specifically, Masip's sentence consists of the following terms and conditions: On the charge of possession with intent to manufacture or deliver a controlled substance, a term of nine to twenty-three months' incarceration was imposed. As a condition of parole, Masip was to complete an in-patient drug therapy program followed by out-patient therapy and was to undergo random urinalysis. He was also required to participate in a program that would enable him to learn the English language. Relative to the charge of criminal conspiracy, Masip received a sentence of probation of three years to run consecutively to the sentence imposed on the charge of possession with intent to manufacture or deliver. Masip was also sentenced to a two-year term of probation on the charge of possession of drug

paraphernalia to run concurrently with the three-year probationary sentence imposed for the charge of criminal conspiracy.

The Commonwealth assigns as the reason for the minimal sentence imposed the sentencing court's reliance on language contained in Section 9721(b) of the Sentencing Code, 42 Pa.C.S.A. § 9721(b), prior to its amendment in 1978. That section formerly read:

> **(b) General standards.**—In selecting from the alternatives set forth in subsection (a) of this section, the court shall follow the general principle that the sentence imposed should call for [the minimum amount of] confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant.

The bracketed portion of the above was deleted by the 1978 amendment. The sentencing court, in its Opinion filed in support of its denial of the Commonwealth's Motion for reconsideration of sentence, concluded that the sentence imposed was not an abuse of its discretion because "[t]his court ... found no compelling reason *not* to afford defendant with an opportunity to address his drug problem subsequent to a period of incarceration, with confinement in a drug treatment facility for a minimum of nine months. (See *Commonwealth v. Sheridan,* [348 Pa.Super. 574, 502 A.2d 694 (1985) ] [ ) ]." At 7. (Emphasis in text).

The language in *Sheridan* upon which the sentencing court relied tracked that contained in the pre–1978 amendment to Section 9721(b). "A sentence must be the *minimum* punishment consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant." At 579, 502 A.2d at 696; (emphasis added). From this, the *Sheridan* court concluded that it was not an abuse of discretion to sentence the appellant there to a term of probation rather than incarceration pursuant to her plea of guilty to four counts of delivery of a controlled substance.

Taking the above language as its cue, the sentencing court here believed, albeit mistakenly as we conclude, that it was required to sentence Masip to a minimum amount of confinement for the most serious drug offense for which he was convicted. The sentencing court was of the opinion that, absent any compelling reason to the contrary, Masip should be afforded the opportunity to address his drug problem. At the sentencing hearing, the court maintained that Masip would be unable to receive appropriate treatment for his drug addiction if he were incarcerated. Moreover, the court considered Masip's inability to communicate in the English language as a barrier to obtaining gainful, legitimate employment.

The Commonwealth argues that under the circumstances of this case, none of these factors justifies the imposition of a minimal sentence of incarceration followed by probation. We agree.

A very similar situation confronted this court in *Commonwealth v. Cleveland, supra.* There, the court analyzed the four factors which an appellate court must consider in reviewing a sentencing record for a possible abuse of discretion in imposing sentence. The four factors, set forth as part of Section 9781 of the Sentencing Code, 42 Pa.C.S.A. § 9781(d), and reiterated by the *Cleveland* court, are as follows:

(d) **Review of record.**—In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

As did the *Cleveland* court, we will analyze each of the four criteria in light of the record in this case. The first criterion which we must consider is the nature and circumstance of the offense as well as the history and character of

Masip. The record reveals that over fourteen hundred grams of white powder which was later determined to be cocaine, together with drug paraphernalia and over ten thousand dollars in cash, were seized at the residence shared by Masip and his co-defendant.

Masip also had two prior convictions for criminal conduct occurring in his native land of Cuba. For both convictions, he spent a total of three and one-half years in a Cuban prison. Masip, at the time of his conviction, was forty-seven years old and spoke no English. He came to the United States in 1980 as part of the Mariel boat lift. Masip denied any involvement in the sale or delivery of controlled substances and denied that he was a substance abuser. However, a urinalysis indicated that cocaine was present in his system. Although Masip has been consuming alcohol since the age of twenty, he denied having experienced any blackouts or problematic drinking habits. In short, he denied having an alcohol or drug problem despite the information contained in his drug and alcohol evaluation report.

The second factor to be assessed is the opportunity of the court, especially aided by the presentence report, to observe Masip. The above information was gleaned from the presentence report. The investigator for the Adult Probation and Parole Department of the court reported that because of Masip's refusal to acknowledge that he had a substance and alcohol abuse problem, he was not likely to be a favorable candidate for drug/alcohol therapy due to his lack of motivation and failure to admit his addiction. Additionally, the evaluation offered by the presentence investigator reveals the following:

> Seemingly, [Masip] has had difficulty adjusting to life in the United States since he has left Cuba in 1980. His educational background is poor and his employment history is virtually non-existent. He is ill-equipped to deal with his environment, selling illicit substances to support himself. Consequently, he does not speak English and *he is a drug abuser.* These factors only compound his problem.

*It is felt that he will not grasp the seriousness of his involvement with the law until he abstains from the use of intoxicants. Overall his use of illicit substances appears to be quite out of control. His motivation for change appears to be largely manipulative and self-serving. Essentially, his criminal activity appears to be a manifestation of his drug involvement.*

There is no reason to believe that [Masip's] pattern of anti-social behavior will be altered to any degree without court intervention.

Presentence Report, Investigation, p. 3; (emphasis added).

Thirdly, we must examine the findings upon which the sentence was based. The court in its Opinion and at the sentencing hearing assigned as reasons for imposition of the nine-month sentence of incarceration and the subsequent probation Masip's drug problem for which the court stated he should be given the opportunity to obtain treatment at an in-patient and, later, an out-patient drug facility, his inability to speak English which the court believed negated his ability to secure gainful, legitimate employment and his further non-involvement with the criminal justice system.

Finally, as the fourth criterion, we must look to the Sentencing Guidelines. The Sentencing Guidelines were promulgated on February 22, 1988, effective April 25, 1988, and are only applicable to offenses committed on or after the effective date. 204 Pa.Code § 303.1(d). However, the instant offenses were committed on February 24, 1986. At sentencing, Masip's counsel indicated that his client's prior record score was a two. Looking at the applicable Guideline range, we find that, with a prior record score of two and an offense gravity score of "D", the minimum standard range is thirty-nine to fifty-one months' incarceration; in the minimum mitigated range, the period of incarceration runs from thirty-three to thirty-nine months; and the minimum aggravated range suggests a term of imprisonment of fifty-one to fifty-seven months. Even under the Sentencing Guidelines currently in effect, it is apparent that Masip was

sentenced well below the minimum most end of the mitigated range.[1]

Assessment of these four criteria under the facts and circumstances of this case leads to but one conclusion—that the sentence imposed upon Masip is unreasonable. In reaching this conclusion we are not unmindful of the broad discretion vested in the sentencing court in fashioning an appropriate sentence. *Commonwealth v. Cleveland, supra.* However, this record does not support what we consider to be an extraordinarily lenient sentence. The sentencer considered weighing in Masip's favor the fact that he had a drug problem (which he denies), that because he spoke no English he was not gainfully employable and that since his arrest, he has had no further brush with the law. The presentence report, which the sentencing court had before it, contradicts two of these three allegedly mitigating factors. This report indicates that Masip does have a drug problem and that a urine analysis performed after his conviction evinced the presence of cocaine in his system. The presentence report also reveals that since coming to the United States in 1980, he was variously employed by K–Mart doing warehouse work and by a cleaning company for six months. He was maintaining himself at the time of his altercation with the criminal justice system with odd jobs of painting, construction work and landscaping.

In response to a plea for leniency from Masip's counsel, the court apparently recognized that Masip was a substance abuser and that his inability to communicate in the English language was no excuse for his illegal drug trafficking activities:

1. Even if we were to ignore Masip's two prior Cuban convictions, it is readily apparent that with a prior record score of zero, he was nevertheless sentenced well below the suggested Guideline ranges. With the offense gravity score of "D", the minimum standard range would call for a period of incarceration of twenty-seven to thirty-nine months' incarceration. Under the minimum aggravated range, Masip would be subject to thirty-nine to forty-five months in prison. A term of imprisonment within the area of twenty-one to twenty-seven months would be imposed in the minimum mitigated range.

THE COURT: Mr. James, I can appreciate the fact that there is a language barrier and he may not have the opportunities that you and I may have had. However, there are a lot of people with language problems who go out and work every day in very difficult jobs and very back-breaking jobs, and they earn a living in a proper fashion.

Additionally, I have a substantial number of people who appear before me who have substance abuse problems who go out and sell drugs in order to support that habit. But it's usually a set of circumstances where I have someone who is found in the possession of four or five packets of small amounts of cocaine that they are selling for $10 and $15 and $20.

I have a Defendant before me who had, at least in the possession of the home that he was residing in, $10,000, and in possession of cocaine with a value of substantially more than that, which, had he been able to distribute it in the fashion I guess he wanted to distribute it, would have generated a substantial amount of money.

N.T., Sentencing Hearing, 37–38. Yet, immediately thereafter, the Court continued:

The Commonwealth would like to see me send him away and lock him up and throw away the key. I don't know necessarily that that is the right set of circumstances in this case. But on [sic] the same token, there is no way that I can allow him to be out on the street until I give him the opportunity, one, to realize that what he's done is incorrect, and that he is not to do that again and he must be punished for it. But in addition, also give him the opportunity to overcome what obviously *by his own admission* is a substance abuse problem. He's got to address that.

For me to simply lock him up and not address that problem, is probably only going to have him come back out again and he's going to violate and be a problem for the system again.

That being the case, I try to come up with some compromise set of circumstances which satisfies the community and satisfies what is just and right.

*Id.*, 38–39.

▪ It has been said that the function of a sentencing hearing is to give the parties the opportunity to present to the sentencer a broad range of information concerning the defendant. As a corollary to this proposition, it incumbent upon the sentencer to weigh all mitigating and aggravating factors in order to arrive at an appropriate sentence. This decision must be reached by thoroughly considering sufficient and accurate information which includes the facts and circumstances of the crime and the background and character of the offender. The court must also review the presentence report especially where, as here, a term of imprisonment in excess of one year is a statutorily permissible disposition. *Commonwealth v. Losch*, 369 Pa.Super. 192, 535 A.2d 115 (1987), *citing Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980).

▪ While it is apparent that the court here had the presentence report before it and was cognizant of its contents, it is equally obvious that it failed to properly analyze the four factors delineated in *Cleveland* and did not correctly consider and weigh all relevant factors as required by *Losch*. As one glaring example, the sentencing court stated at the hearing that Masip had admitted that he was a substance abuser. This is contradicted by the evaluation contained in the presentence report. A presentence report constitutes part of the record and speaks for itself. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988). It is presumed to be valid and need not be supported by evidence unless and until it is challenged by the defendant. *Commonwealth v. Maleno*, 348 Pa.Super. 426, 502 A.2d 617 (1985).

Under the facts and the law, the sentence imposed here lacks legal justification and must be vacated.

The applicable penalty provision of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(f)(1), states that a violation of 35 P.S. § 780–113(a)(30), which concerns illegal manufacture, delivery or possession with intent to manufacture or deliver a controlled substance, constitutes a felony, and, upon conviction, the violator shall be sentenced to imprisonment not exceeding fifteen years or to pay a fine not exceeding two hundred fifty thousand dollars or both.[2]

Judgment of sentence vacated. Matter remanded for resentencing in accordance with this Opinion. Jurisdiction relinquished.

---

**2.** We are mindful of the mandatory drug offense penalties which became effective after Masip's conviction. Under the provision pertinent to the case at bar were it applicable, Masip would be subject, upon first conviction, to a minimum term of five years in prison and a fine of at least twenty-five thousand dollars. 18 Pa.C.S.A. § 7508(a)(2)(iii). The act states that the court may not sentence to less than the applicable mandated minimum and may not place the offender on probation, parole, work release, prerelease or suspend the sentence. Additionally, this legislation preempts the Sentencing Guidelines. 18 Pa.C.S.A. § 7508(c). The statute also provides for a right of appellate review if the sentencing court refuses to apply the proper mandatory penalty. In that instance, the appellate court is to vacate and remand for resentencing under the pertinent provision of the act. 18 Pa.C.S.A. § 7508(d).