J-S12004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY JOHNSTONE | |
| Appellant | No. 1181 EDA 2013 |

Appeal from the Judgment of Sentence March 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011422-2012

BEFORE: BOWES, SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 28, 2015**

Appellant, Anthony Johnstone, appeals from the judgment of sentence imposed in the Philadelphia County Court of Common Pleas on his convictions of aggravated assault[1] and related offenses. He claims the evidence was insufficient to sustain his conviction or impose a mandatory

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a). Although the Commonwealth did not proceed under a specific subsection of the aggravated assault statute, the trial court found Appellant guilty, in relevant part, because it "believe[d] he attempted to cause serious bodily injury." N.T., 1/28/13, at 71. Therefore, we analyze this case as if the court found him guilty under Subsection (a)(1) of the aggravated assault statute. **See** 18 Pa.C.S. § 2702(a)(1) (attempt to cause serious bodily injury).

"second strike" minimum sentence under 42 Pa.C.S. § 9714(a).[2]  We affirm

in part, but vacate the sentence and remand for resentencing.

The trial court summarized the facts underlying Appellant's conviction

as follows:

> On June 24, 2012, at around 12:40 a.m., Ieisha Carter [("Complainant")], her friend Dawn Johnstone ("Johnstone"), Johnstone's goddaughter Amber Brown ("Brown"), and Johnstone's husband[, Appellant], were leaving a wedding reception located in the area of 8000 Germantown Avenue in the City and County of Philadelphia.  They all rode in Johnstone's truck and drove towards [Appellant's] house.  [Complainant], who was asked by Johnstone to drive the truck, sat in the driver's seat.  Johnstone sat in the front passenger seat; Brown sat in the driver's side rear, and [Appellant] was seated in the rear on the passenger side.  Prior to entering the truck, Johnstone and [Appellant] had an argument, but the argument ended after leaving the reception. [Complainant], Johnstone, and [Appellant] had been drinking at the reception.
>
> As [Complainant] started to drive the vehicle toward Johnstone's home, [Appellant] told Johnstone he wanted to return to the reception.  Johnstone replied "I'm not staying," and the vehicle grew silent.  [Complainant] testified that [Appellant] then leaned forward, placed both his hands around Johnstone's throat from the rear passenger seat, and began choking her.  [Complainant] saw [Appellant] grab Johnstone's throat, pulled the vehicle over, and parked, having only driven a block away from the wedding reception.  With her seatbelt still engaged, [Complainant] reached out to her right side and attempted to hit [Appellant] with open palms to get him off of Johnstone.  [Appellant] then stopped choking Johnstone and began punching [Complainant] in the face and forehead with closed fists.  [Appellant] punched [Complainant] approximately five to ten times.  As

---

[2] The Commonwealth has not filed an appellee's brief.

[Appellant] was punching [Complainant, she] attempted to get [him] off of her by hitting him. [Complainant] testified that the pain was hurting so much that she leaned over to the front against the steering wheel and saw blood dripping down. [Appellant] did not stop punching [Complainant] until she leaned forward, placing her beyond [Appellant's] reach. [Complainant] started to bleed. [Appellant] then exited the vehicle and walked away. At some point during, or shortly after the altercation, Brown called the police with [Complainant's] cell phone.

The police picked up [Appellant] from further down the street and brought him back to the vehicle in handcuffs. One of the female officers instructed [Complainant] to exit the truck and informed her that she needed to go to the hospital. The police transported [Complainant] to Chestnut Hill Hospital, where she stayed for approximately 4-5 hours accompanied by Johnstone. [Complainant] received five stitches on her forehead just next to her left eyebrow. Both her eyes were swollen and puffy, and she missed two weeks of work due to her injuries. [Complainant] testified she was in pain for months following the incident, and occasionally still suffers from sharp shooting pains to her forehead where the stitches were located.

Trial Ct. Op., 6/16/14, at 1-3 (record citations omitted).

Appellant was charged with aggravated assault, simple assault, and reckless endangerment with respect to Complainant.[3] On January 28, 2013, he proceeded to a nonjury trial, and the trial court found him guilty of all charges. After the court entered its verdict, the Commonwealth asserted it was prepared to proceed to an immediate sentencing hearing. N.T., 1/28/13, at 73. After Appellant requested a continuance for the preparation

---

[3] 18 Pa.C.S. §§ 2701(a), 2705.

of a presentence investigation report ("PSI") and a mental health report, the

following exchange occurred:

> [Commonwealth]: . . . This is my understanding a second strike case [under 42 Pa.C.S. 9714(a)]. I just need to know whether there's going to be—if he will be contesting the previous conviction. I'll need a certification and the Quarter Sessions File.
>
> [Appellant's Counsel]: I would ask for one.
>
> [Commonwealth]: Okay.

*Id.* at 73-74. The court granted the request for continuance and the

preparation of the presentence reports.

On March 20, 2013, the trial court convened a sentencing hearing.

The court confirmed the parties received the PSI. N.T., 3/20/13, at 2. The

court asked whether "this [was] a second strike case." The Commonwealth

responded, "Yes," and requested an aggregate ten to twenty year sentence

with no additional probation. *Id.* at 2-3. Appellant did not object to the

accuracy of the PSI or the application of the mandatory "second strike"

sentence under Section 9714(a). *Id.* at 3. After hearing from

Complainant,[4] Appellant, and Appellant's counsel, the court sentenced

Appellant as follows:

> [M]y hands are tied with the mandatory sentence. I'm sure you're aware of that from your previous convictions.

---

[4] Complainant disagreed with the imposition of a ten-year mandatory minimum sentence. N.T., 3/20/13, at 4 ("When I heard ten to twenty, my heart just dropped. That bothered me.").

- 4 -

> I'm sure they told you about the strikes and with the second strike, there comes a mandatory sentence. . . .
>
>                   *     *     *
>
>  . . . Well, as mandated by the law, it's 10 to 20 years of incarceration [for aggravated assault.[5]] I will give credit for time served and indicate he's work release eligible.

*Id.* at 8. Appellant did not object. *Id.*

Appellant did not file post-sentence motions, but filed a timely notice of appeal on April 19, 2013. He complied with the court's order to submit a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents the following questions for our review:

> Was not the evidence insufficient to convict [A]ppellant of aggravated assault . . . as there was no evidence of serious bodily injury, attempt to cause it or evidence that [A]ppellant specifically intended to inflict serious bodily injury under circumstances manifesting extreme indifference to the value of life?
>
> Did not the [trial] court err by imposing a "second strike" sentence under 42 Pa.C.S. § 9714 where the Commonwealth failed to prove any prior predicate conviction?

Appellant's Brief at 4.

Appellant first claims the evidence was insufficient to sustain his conviction for aggravated assault. He argues the Commonwealth failed to prove he caused serious bodily injury or acted with "an extreme indifference to life" tantamount to malice. *Id.* at 12, 17. No relief is due.

---

[5] The court merged the simple assault conviction and imposed no further penalty for reckless endangerment. Order, 3/20/13.

The principles governing our review are well settled.

> In reviewing a claim regarding the sufficiency of the evidence, an appellate court must determine whether the evidence was sufficient to allow the fact finder to find every element of the crimes charged beyond a reasonable doubt. In doing so, a reviewing court views all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. Furthermore, in applying this standard, the Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence. . . . Additionally, we note that the trier of fact, while passing on the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.
>
> . . . 18 Pa.C.S. § 2702(a)(1) . . . provides, "A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, **or** causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." Serious bodily injury is defined as, "Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

**Commonwealth v. Burton**, 2 A.3d 598, 601 (Pa. Super. 2010) (*en banc*)

(some citations omitted) (emphasis added).

> [W]here the victim does not suffer serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding of an attempt to cause such injury. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." An attempt under Subsection 2702(a)(1) requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury. "A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to

- 6 -

cause such a result[.]" "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." The intent to cause serious bodily injury may be proven by direct or circumstantial evidence.

*Commonwealth v. Fortune*, 68 A.3d 980, 985 (Pa. Super. 2013) (*en banc*) (citations omitted), *appeal denied*, 78 A.3d 1089 (Pa. 2013).

Instantly, Appellant focuses on the *mens rea* necessary to sustain an aggravated assault conviction when serious bodily injury results. However, the record supports the trial court's determination that "[t]he repeated and relentless nature of [Appellant's] attack coupled with the accumulating physical damage that [Complainant] sustained with each blow is sufficient evidence of **an attempt** to inflict serious bodily injury." *See* Trial Ct. Op. at 5 (emphasis added). Complainant testified Appellant, from the backseat of the vehicle, punched her about the face and head five to ten times with a closed fist. N.T., 1/28/13, at 22-23. Complainant was in the driver's seat and wearing her seatbelt at the time. Appellant only stopped punching her after she leaned forward in pain, but beyond his reach. *Id.* at 24-25. Thus, having reviewed the record in a light most favorable to the Commonwealth, we discern no merit to Appellant's contention that the evidence was insufficient to sustain his conviction for aggravated assault.

Appellant next contends the trial court erred in its application of Section 9714 when sentencing. Appellant's Brief at 21. He argues "the Commonwealth failed to place anything into evidence [at the sentencing hearing] to prove the existence of a 'first strike[.']" *Id.* at 25. The trial

court, in its Pa.R.A.P. 1925(a) opinion, states it reviewed the PSI, as well as related "docket sheets," and found Appellant had a prior conviction for a crime of violence, namely, "robbery." Trial Ct. Op. at 6. For the reasons that follow, we remand this matter for resentencing.

Section 9714 states, in relevant part:

**(a) Mandatory Sentence.—**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. . . .

\* \* \*

**(d) Proof at sentencing.—**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section.

42 Pa.C.S. § 9714(a)(1), (d).

Under Section 9714, a "crime of violence" means, in relevant part, "aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) [and] robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii), or (iii) . . . ." 42 Pa.C.S. § 9714(g). Robbery under Section 3701(a)(1)(i) through (iii) are felonies of the first degree.[6] **See** 18 Pa.C.S. § 3701(b)(1). Otherwise, robbery is a felony of the second or third degree, unless, after February 2014, the object of any robbery is a drug.[7]

Preliminarily, we consider whether Appellant preserved his challenge to the application of Section 9714 when he did not (1) object to the accuracy of the PSI at sentencing, (2) include the PSI in the certified record, or (3)

_____

[6] Sections 3701(a)(1)(i) through (iii) state:

> (1) A person is guilty of robbery if, in the course of committing a theft, he:
>
> > (i) inflicts serious bodily injury upon another;
> >
> > (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
> >
> > (iii) commits or threatens immediately to commit any felony of the first or second degree[.]

18 Pa.C.S. § 3701(a)(1)(i)-(iii).

[7] Robbery under Section 3701(a)(1)(iv) (inflicts or threatens bodily injury) is a second-degree felony and under Section 3701(a)(1)(v) (taking property by force however slight), a third-degree felony. 18 Pa.C.S. § 3701(a)(1)(iv), (v), (b)(1). The Pennsylvania General Assembly recently designated all types of robbery as first-degree felonies when the object of the offense is a controlled substance or designer drug. 18 Pa.C.S. § 3701(b)(2) (eff. Feb. 21, 2014).

object to the sentence before the trial court. The following principles are relevant.

First, "[a] properly crafted PSI . . . must address . . . a full description of any prior criminal record of the offender." **Commonwealth v. Flowers**, 950 A.2d 330, 333 n.2 (Pa. Super. 2008); **see also Commonwealth v. Martin**, 351 A.2d 650, 658 n.26 (Pa. 1976). "A presentence report constitutes part of the record and speaks for itself. It is presumed to be valid and need not be supported by evidence unless and until it is challenged by the defendant." **Commonwealth v. Masip**, 567 A.2d 331, 336 (Pa. Super. 1989) (citations omitted). The failure to object to the content of a PSI before sentencing may result in waiver of an appellate challenge. **See Commonwealth v. Bryant**, 458 A.2d 1010, 1011 (Pa. Super. 1983). Similarly, to the extent a trial court relies on a PSI as "a complete record of the previous convictions of the offender" under Section 9714(d), the party disputing the PSI has a duty to contest the accuracy of the record before the trial court will receive additional evidence. **See** 42 Pa.C.S. § 9714(d).

Second, it is well settled that the appellant is responsible for ensuring the the record to be reviewed by this Court is complete. **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*). The failure to provide portions of a record relevant to an issue on appeal may result in waiver of a claim. **Id.** ("In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis

on which relief could be granted."). We note, however, the disclosure of a PSI requires court action. ***See*** Pa.R.Crim.P. 703(D) & cmt. Moreover, this Court may direct the certification and transmission of a supplemental record to correct an omission from the record by error, breakdown in court processes, or accident. ***See*** Pa.R.A.P. 1926(b)(1).

Third, although challenges to the discretionary aspects of a sentence are waivable, challenges to the legality of the sentence cannot be waived. ***Commonwealth v. Robinson***, 931 A.2d 15, 19-20 (Pa. Super. 2007) (*en banc*). Generally, the application of a mandatory minimum sentence goes to the legality of the sentence. ***See Commonwealth v. Vasquez***, 715 A.2d 468, 471 (Pa. Super. 1998) (citations omitted); ***accord Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*) (noting "narrow class of cases already considered to implicate illegal sentence" includes mandatory minimum sentencing), *appeal denied*, 95 A.3d 277 (Pa. 2014).

In light of the foregoing precepts, we conclude Appellant's challenge to the application of Section 9714 raises a nonwaiveable claim regarding the legality of the sentence. ***See Vasquez***, 715 A.2d at 471; ***accord Watley***, 81 A.3d at 118. As such, we decline to find waiver based on Appellant's failures to object to the application of Section 9714 at the time of sentencing or in a post-sentence motion. ***See id***. Moreover, although an objection to the accuracy of a PSI should be raised in the trial court in the first instance, it does not preclude this Court from reviewing the record to determine

whether there was sufficient evidence to apply a mandatory minimum. *See id.* For the reasons noted below, we further conclude that the omission of the PSI does not preclude this Court from reviewing an undiminished record and have thus requested and received the PSI from the trial court. *See* Pa.R.A.P. 1926; Pa.R.Crim.P. 703(D) & cmt. Thus, we proceed to consider Appellant's challenge to the trial court's application of Section 9714.

Issues related to the legality of a sentence raise questions of law. *Commonwealth v. Fennell*, 105 A.3d 13, 15 (Pa. Super. 2014). Therefore, our standard of review is *de novo,* and our scope of review is plenary. *Id.*

Although not discussed by Appellant, we initially note that the fact of a prior conviction remains an exception to the prohibitions against judicial fact-finding at the time of sentencing. *See Watley*, 81 A.3d at 117 & n.3 (discussing, *inter alia*, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Commonwealth v. Aponte*, 855 A.2d 800 (Pa. 2004)). In *Aponte*, for example, the Pennsylvania Supreme Court explained, "Where . . . the judicial finding is a fact of a prior conviction, submission to a jury is unnecessary, since the prior conviction is an objective fact that was initially cloaked in all the constitutional safeguards and is now a matter of public record." *Aponte*, 855 A.2d at 811. The Court observed that "[t]he fact of a prior conviction

stands alone; it does not require a presumption—it either exists as a matter of public record or it does not." *Id.*

As framed by Appellant and the trial court, the principal issue on appeal is whether the record sustains the court's determination that Appellant was previously convicted of a crime of violence.[8]  *See* 42 Pa.C.S. § 9714(a)(1), (g).  At the outset, we are compelled to observe that the record, without the benefit of the PSI, supports Appellant's contention that the Commonwealth failed to support its request for sentencing under Section 9714 with a proffer.  The record contains no reference to the alleged prior conviction on which the Commonwealth requested the imposition of the mandatory sentence.  *See* N.T., 1/28/13, at 73-74 (indicating Commonwealth's post-trial oral notice of its intent to pursue "second strike" sentence); N.T., 3/20/13, at 2, 8.  Neither the Commonwealth nor the trial court expressly referred to the PSI as a "complete record" containing the fact of a prior conviction.  *See* N.T., 3/20/13, at 2-3, 8.  Instead, the trial court, for the first time in its Pa.R.A.P. 1925(a) opinion, asserted it found a prior conviction for a crime of violence based on the PSI.  Trial Ct. Op. at 6.

As noted above, we have received the PSI as a supplemental record, and our review reveals the following.  The Department of Adult Probation and Parole included a prior record score checklist.  *See* Prior Record Score—

---

[8] Appellant does not dispute that the instant conviction for aggravated assault constitutes a "crime of violence" for the purposes of Section 9714.

6th Edition, 3/14/13. The checklist indicated Appellant had one prior conviction for "Robbery (F1) (4 points)." ***Id.*** The PSI investigator also attached a narrative of Appellant's criminal history, in which she stated she reviewed Appellant's "adult probation and parole record[,]" "two prior Presentence Reports[,]" and records from SCI-Graterford. PSI, Criminal History, 3/14/13, at 1. The investigator entered the following notation:

> Arrest: 05-09-1998    (age 20)
>
> **CHARGES:** Robbery (2 counts), Burglary (2 counts), Possessing Instruments of Crime, Possessing Instruments of Crime—weapon; docket CP-51-CR-0603021-1998.
>
> **DISPOSITION:** On July 22, 1998, [Appellant] pled guilty before the Honorable Gregory Smith and was sentenced to 11 ½ months to 23 months incarceration followed by three years consecutive probation. . . .
>
> \* \* \*
>
> **PRIOR RECORD SCORE:** Robbery (F1)

***Id.***[9]

---

[9] The investigator indicated that Appellant violated his parole and/or probation on this conviction due to open matters and new offenses. PSI, Criminal History, 3/14/13, at 1. Appellant was recommitted on June 21, 2001, to serve the unexpired portion of his sentence and a consecutive three-year probationary period. ***Id.*** On May 21, 2003, probation was revoked and a new sentence of one and one-half to three years' imprisonment was imposed to run consecutive to his other sentences. ***Id.*** He was initially paroled on March 31, 2006, but recommitted for violations in 2007 and 2008. ***Id.*** According to the PSI, he "maxed out his sentence on May 2, 2009 under parole #SH-9164." ***Id.***

The investigator stated Appellant's prior adult record included thirteen arrests, five convictions, nine commitments, seven violations of probation

- 14 -

Thus, the only indication that Appellant was previously convicted of a prior crime of violence under Section 9714(g) was the PSI investigator's conclusion that Appellant's 1998 conviction counted as a four-point "Robbery (F1)" on his prior record score. However, the investigator's narrative indicated only that Appellant was charged with two counts of "robbery," without reference to a specific subsection, and "pleaded guilty" to unspecified charges.

Based on the present record, we cannot conclude the PSI contained a sufficient description of Appellant's conviction to apply Section 9714. *See Flowers*, 950 A.2d at 333 n.2. Although the PSI established Appellant's prior conviction in 1998, it did not establish that conviction constituted a crime of violence under Section 9714(g). *See* 42 Pa.C.S. § 9714(g). Aside from assigning the conviction a prior record score of four and suggesting the grade of the conviction was a first-degree felony, the PSI contained no self-sustaining facts that the 1998 conviction was for robbery under Sections 3701(a)(i) through (iii).[10] *Cf. Commonwealth v. Gordon*, 942 A.3d 174,

---

and parole, and six revocations. *Id.* However, the 1998 conviction on charges of robbery was the sole basis for applying Section 9714.

[10] Furthermore, although Appellant did not object at sentencing, he clearly placed the Commonwealth on notice that he intended to contest whether he had a predicate "first strike" conviction, and the Commonwealth stated its intent to provide official records regarding the prior conviction. *See* N.T., 1/28/13, at 73-74. We note that this Court previously "stressed the importance of proof through official documents" when applying a mandatory minimum sentence based on prior convictions. *Cf. Commonwealth v.*

- 15 -

182 (Pa. 2007) (plurality) (noting distinction between "fact **of** a prior conviction" and "facts **about** prior convictions"); **Aponte**, 855 A.2d at 811. Thus, the trial court did not have before it "a complete record of the previous convictions of the offender" to sentence under Section 9714.[11]  **See** 42 Pa.C.S. § 9714(a), (d), (g).

Because we conclude the record was inadequate to apply the mandatory minimum sentence under Section 9714(a), we vacate the judgment of sentence and remand for resentencing to permit consideration of whether Appellant's prior conviction involved a crime of violence.[12]

---

**Perkins**, 538 A.2d 930, 932 (Pa. Super. 1988) (holding Commonwealth did not satisfactorily establish prior out-of-state driving under the influence conviction where notation in PSI was based on defendant's admissions).

[11] We note that the trial court also took notice of the docket sheets associated with Appellant's prior conviction.  Trial Ct. Op. at 6.  Those docket sheets were not contained in the PSI or made part of the record.

[12] The PSI investigator may ultimately be correct in the determination that the 1998 conviction involved a robbery graded as a first-degree felony and assigning a prior record score of four.  **See** 204 Pa.Code. §§ 303.7(a)(1) (listing completed crimes of violence under Section 9714(g) as four point offenses); 303.15 (listing robbery under Sections 3701(a)(1)(i)-(iii) as four points on prior record score, with robbery under the remaining subsections scored as one to three).  That legal conclusion, if supported by a proper record, could warrant application of Section 9714(a) under the circumstances of this case.

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing. Jurisdiction relinquished.

Judge Shogan joins the memorandum.

Judge Bowes files a dissenting memorandum.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/28/2015*