Preston A. JOHNSON, Cora Johnson, and Preston Johnson, Jr., Defendants–Appellants,

v.

Mr. and Mrs. Albert TOTH and William Toth, Plaintiffs–Appellees.

No. 71A04–8704–CV–103.

Court of Appeals of Indiana, Third District.

Dec. 10, 1987.

Rehearing Denied Feb. 9, 1988.

R.W. Chamblee, Jr., South Bend, for defendants-appellants.

Mark S. Lenyo, Voor Allen Fedder Herendeen & Kowals, South Bend, for plaintiffs-appellees.

HOFFMAN, Judge.

Preston A. Johnson and Cora Johnson bring this appeal from the judgment of the St. Joseph County Superior Court, Small Claims Division, in favor of Mr. and Mrs. Albert Toth and William Toth.

This case arose out of an incident where the Johnsons' minor son, Preston Johnson, Jr., struck appellee William Toth in the face with a pop bottle. As a result of the assault, William Toth lost two front teeth and required medical and dental treatment costing approximately $2,860.00. The Toths brought suit against the Johnsons under IND.CODE § 34-4-31-1 (1985 Supp.), which reads:

"Maximum limit

Sec. 1. A parent is liable for not more than two thousand five hundred dollars ($2,500) in actual damages arising from harm to a person or property intentionally caused by his child if:

    (1) he has custody of the child; and

    (2) the child is living with him."

The trial court awarded the Toths the statutory limit of $2,500.00.

The Johnsons on appeal question the sufficiency of the evidence supporting the verdict. In their Agreed Statement of Record on Appeal, the parties here stipulate that the only evidence presented at trial regarding the relationship between the Johnsons and their son, Preston Jr., was the testimony of Preston A. Johnson that Preston Jr. was indeed their son. The trial court's judgment also stated that the Sheriff's Return of Summons, which stated that service was left for all three Johnsons at the same address, showed that Preston Jr. was living at the same address as his parents.

The Toths admit on appeal that no evidence was introduced to show that the Johnsons had custody of Preston Jr., but argue that the two elements of IND.CODE § 34-4-31-1 are affirmative defenses which are the burden of the defendant parent to prove at trial. IND.CODE § 34-4-31-1 deviates from the common-law rule that a parent is not liable for the torts of his or her children, *see, Moore v. Waitt* (1973), 157 Ind.App. 1, 9, 298 N.E.2d 456, 461, and provides a statutory remedy against the parent for victims of children's torts "if" the parent has custody of the child and the child lives with the parent. This Court has acknowledged in the past that the term "if" is generally synonymous with the term "provided."

*See, S. W. Little Coal Co. v. O'Brien* (1916), 63 Ind.App. 504, 523, 113 N.E. 465, 471; and *Allen v. Powell* (1917), 65 Ind.App. 601, 611, 115 N.E. 96, 99.

There is no reason to construe "if" and the language following it in IND.CODE § 34-4-31-1 as being anything other than a statement of a condition that claims filed under the statute must meet. Provisions of a statutory remedy must be strictly construed. *DeMayo v. State* (1979), 182 Ind. App. 241, 245, 394 N.E.2d 258, 261. One who claims a statutory right must bring himself within the provisions of the statute. *Blade Corp. v. American Drywall, Inc.* (1980), Ind.App., 400 N.E.2d 1183, 1185. The Toths did not present evidence to show that Preston Johnson, Jr. was in the custody of his parents and thus there was not sufficient evidence to support the judgment of the trial court finding the Johnsons liable for the tort of Preston Jr. The judgment of the trial court must therefore be reversed.

Reversed.

MILLER, P.J., and STATON, J., concur.