**Terry EVANS, a/k/a Randy Spivey, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–8612–CR–1029.

Supreme Court of Indiana.

Dec. 16, 1987.

⟜11

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Terry Lee Evans, whose true name is Randy Spivey, and hereinafter will be referred to as "Spivey," was convicted of Robbery, a class B felony, and sentenced to a total of twenty (20) years imprisonment. In this direct appeal, Spivey raises two issues:

1. insufficient evidence to sustain his conviction; and

2. trial court error in failing to instruct the jury on the lesser included offense of Robbery, a class C felony.

The facts most favorable to the verdict are as follows:

On January 26, 1985, Officer Gary Harriman of the Indianapolis Police Department responded to a report of robbery. The victim, Louis Chandler, explained he had been released from jail earlier that day.

Another man, Spivey, had been released at the same time. Chandler went to the property room where his possessions, including $530, were returned to him. Spivey also was present at this time. The two proceeded to the building lobby where Spivey made phone calls and Chandler waited to have his car released. Spivey then asked Chandler for a ride home and Chandler agreed. While the men were waiting, another man approached and spoke with Spivey out of earshot from Chandler. All three men hailed a taxi, which took them to the impound lot where Chandler's car was located. Chandler drove to the 3300 block on Pennsylvania Street in Indianapolis. When he stopped the car, Spivey, who was in the back seat, threw a fan belt around Chandler's neck and stated words to the effect "Give it up Pops." Chandler struggled and kicked the man sitting next to him. That man pulled a knife on Chandler and took the money from his pocket. The two men then fled the scene.

Chandler informed police Spivey told him he had been arrested for auto theft. When police checked their release records, the name Terry Lee Evans was found as having been released the same time as Chandler. Evans had been in jail for auto theft. It later was learned Terry Lee Evans is an alias used by Randy Spivey.

## I

Spivey contends the evidence presented at trial is insufficient to sustain his conviction for robbery. Where sufficiency of the evidence is challenged on appeal, this Court will neither reweigh evidence nor judge the credibility of witnesses. Rather, we look to the evidence most favorable to the State together with all reasonable inferences drawn therefrom. If there is substantial evidence of probative value from which the jury could have inferred guilt beyond a reasonable doubt, the conviction will be affirmed. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1102.

■ Spivey bases his argument on the requirement a "deadly weapon" be used in order to convict him of class B robbery. Ind.Code § 35-42-5-1 (Burns 1985). He

reasons that a fan belt is not a deadly weapon pursuant to Ind. Code § 35-41-1-8 (Burns 1983). The statute in effect at that time reads:

"Deadly weapon" means:

(1) a loaded or unloaded firearm; or

(2) a weapon, device, equipment, chemical substance, or other material that in the manner used, or could ordinarily be used, is readily capable of causing serious bodily injury. [I.C. 35-41-1-8, as added by P.L. 311-1983 § 9.]

Spivey reasons a fan belt cannot cause serious bodily injury and is therefore not a deadly weapon. Serious bodily injury is defined pursuant to Ind. Code § 35-41-1-25 (Burns 1985) as follows:

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of a bodily member or organ.

In determining whether an object is a deadly weapon, it does not matter whether actual injuries were sustained by the victim if the defendant had the apparent ability to injure the victim seriously through the use of the object during the crime. *Miller v. State* (1986), Ind., 500 N.E.2d 193, 196. Here, Spivey put the fan belt around Chandler's neck. Chandler testified he was being choked, and that he struggled to free himself. Certainly Spivey had the apparent ability to injure Chandler seriously or cause his death by using the fan belt. From these circumstances the jury could have reasonably inferred the fan belt was a deadly weapon.

■ In addition, there was evidence presented from which the jury could have inferred Spivey and the third man acted together. Spivey seemed to know this man; he had private conversations with him. When Spivey threw the fan belt around Chandler's neck, the third man produced his knife and took the money from Chandler's pocket. With this done, they fled together on foot, in the same direction. Thus the use of the knife is attributable to Spivey, because one who aids or abets an-

other or induces or causes another to commit a criminal offense can be charged with that offense and convicted as a principal. Ind.Code § 35–41–2–4 (Burns 1985). He is an accomplice to the offense and may be held criminally responsible for everything done by his confederates which was a probable and natural consequence of their common plan. It is not necessary the evidence show the accomplice personally participated in the commission of each element. *Harris v. State* (1981), Ind., 425 N.E.2d 154, 156. The facts stated above clearly raise the inference Spivey and the third man were accomplices. Therefore, the evidence presented at trial is sufficient to sustain Spivey's conviction.

## II

Spivey next contends the trial court erred in failing to instruct the jury regarding the lesser included offense of Robbery, a class C felony. In class C robbery there is no deadly weapon used in the perpetration of the crime.

Spivey's argument focuses once again on the "deadly weapon" requirement of IC § 35–42–5–1. He contends the jury may not have found the fan belt to be a deadly weapon, and may not have determined Spivey acted in concert with the unidentified male. If Spivey was not an accomplice, the use of the knife may not be attributed to him under the accomplice theory previously stated.

■ The record reveals Chandler's testimony regarding the acts of Spivey and the third man was unrefuted. Spivey presented no witnesses on his behalf, nor did he testify. This Court has held where there is no evidence presented which contradicts the victim, it is not error to refuse an instruction on lesser included offenses. *Williams v. State* (1981), 275 Ind. 603, 419 N.E.2d 134, 137. The test for determining whether it was error for the trial court to refuse instructions on lesser offenses is whether the lesser offense is necessarily included within the greater offense as charged, and whether there was evidence adduced at trial to which the included offense instruction was applicable. *Rogers v. State* (1979), 272 Ind. 65, 396 N.E.2d 348, 354. *See also Goodpaster v. State* (1980), 273 Ind. 170, 402 N.E.2d 1239, 1243. Robbery class C is an inherently or necessarily included offense of robbery class B; in other words it is impossible to commit the latter without first committing the former. *Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098, 1112. As noted above, however, the evidence presented clearly indicated Spivey and the third man were accomplices and, in addition, showed Spivey used the fan belt to choke Chandler. Thus, an instruction on class C robbery is inapplicable to the evidence introduced at trial. The trial court did not err in refusing to so instruct the jury.

■ Even had Spivey raised a meritorious claim, the record reveals he failed to tender a written instruction on the lesser offense. This Court has previously held that if a party requests the court instruct the jury, such instruction should be tendered in writing. Failure to tender an instruction waives the error, if any, of not giving the requested instruction. *Miller v. State* (1978), 267 Ind. 635, 372 N.E.2d 1168, 1171. In addition, the requested instruction was not properly set out in the argument section of Spivey's appellate brief as required by Indiana Rule of Appellate Procedure 8.3(A)(7). The trial court committed no error here.

Accordingly, the trial court is affirmed.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

DICKSON, J., concurs in result without separate opinion.