607 A.2d 750

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Frank SCULLIN, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1991.

Filed April 3, 1992.

Reargument Denied June 2, 1992.

444

Hugh Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

F. Emmett Fitzpatrick, Jr., Philadelphia, for appellee.

Before CAVANAUGH, McEWEN, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal by the Commonwealth challenging the discretionary aspects of the sentence imposed upon appellee Frank Scullin by the Court of Common Pleas of Philadelphia County. Upon evidence received at a non-jury trial, appellee was convicted of involuntary manslaughter and sentenced to five years of probation. The Commonwealth filed a timely motion for reconsideration of sentence and it was denied. This appeal of sentence followed. Because we believe that the sentencing court erred in not applying the deadly weapons enhancement of the Sentencing Code and in not providing a contemporaneous statement of reasons for deviating from the sentencing guidelines, we vacate the judgment of sentence and remand for resentencing.

Although various narratives of the events of the night of July 4, 1989 were offered at trial, the facts of the case, as determined by the fact finder, are as follows. On that night, appellee and a companion chased and confronted fifteen-year-old Steven Crespo and a cousin of Crespo. Appellee believed that the boys were attempting to steal a car. Appellee tried to grab Crespo and punched him. Crespo ran into the street and threw a tire iron at appellee. The tire iron did not strike appellee, but he picked it up, threw it at Crespo, and struck him in the back of his head. Crespo fell to the ground and subsequently died. The cause of the victim's death was a blunt force injury to the back of his head. Trial court opinion at 2–3.

After a non-jury trial, appellee was found guilty of involuntary manslaughter and subsequently sentenced to five (5) years of strict reporting probation.

On appeal, the Commonwealth asks us to examine what is essentially one issue: whether the sentencing court abused its discretion under the Sentencing Code when it imposed a sentence of five years' probation upon appellee. This question challenges the discretionary aspects of the sentence rather than its legality. Objections to the legality of a sentence charge that the sentence is defective in itself—for instance, where offenses have not been merged for sentencing, or where the sentence exceeds the permissible maximum. *Commonwealth v. Mathis*, 317 Pa.Super. 362, 371, 464 A.2d 362, 367 (1983). Claims like the Commonwealth's, however, which charge that a sentence is too lenient under the Sentencing Code, have been treated as discretionary challenges. *See e.g.*, *Commonwealth v. Cleveland*, 364 Pa.Super. 402, 528 A.2d 219 (1987); *Commonwealth v. Cornish*, 403 Pa.Super. 492, 589 A.2d 718 (1991). The discretionary sentencing issue can further be broken into the following three sub-issues:

(1) Whether the sentencing court should have applied the deadly weapon enhancement of the sentencing code.

(2) Whether the sentencing court erred by not placing its reasons for not applying the deadly weapon enhancement on the record.

(3) Whether the sentencing court should have considered appellant's threats to New Jersey police officers who arrested him for a subsequent, unrelated offense when the court imposed the sentence.

■ In order to preserve an appeal from the discretionary aspects of a sentence, certain procedures must be followed. First, the sentencing issues must be properly preserved in a timely motion for reconsideration of sentence. Pa.R.Crim.P. 1410. *Commonwealth v. Penrod*, 396 Pa.Super. 221, 229, 578 A.2d 486, 490 (1990). As stated above, appellant filed a timely petition for reconsideration of sentence and it properly preserved the issues. Next, as part of its brief, appellant must set forth any discretionary sentencing issues in its statement of questions presented. Pa.R.A.P. 2116(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 512, 522 A.2d 17, 19 (1987). Appellant must also provide a Pa.R.A.P. 2119(f) statement which includes a concise prefatory statement of reasons for allowance of appeal. *Id.*, 513 Pa. at 512, 522 A.2d at 19. The Commonwealth's brief meets both of these procedural requirements.

■ Next, we must determine whether the 2119(f) statement demonstrates a substantial question that the sentencing court imposed a sentence that was inappropriate under the Sentencing Code. *Id.* We note that in deciding whether a substantial question exists, we may not look beyond the statement of questions presented and the concise prefatory 2119(f) statement. *Commonwealth v. Felix*, 372 Pa.Super. 145, 155, 539 A.2d 371, 376 (1988), *allocatur denied* 525 Pa. 642, 581 A.2d 568 (1990). A substantial question exists where "appellant advances a colorable argument that the trial judge's actions were either inconsistent with the specific provisions of the Sentencing Code, or contrary to the norms which underlie the sentencing process." *Commonwealth v. Zelinski*, 392 Pa.Super. 489, 499, 573 A.2d 569, 574 (1990). Appellant does not have an

appeal as of right from the discretionary aspects of a sentence. *Id.* It is only where a party sets forth reasons why a particular sentence has compromised the sentencing scheme as a whole that the appellate court will review the manner in which the trial court exercised its discretion. *Tuladziecki,* 513 Pa. at 516, 522 A.2d at 21. As a result, the Rule 2119(f) statement must enable the reviewing court to decide whether the case should be reviewed without considering appellant's argument on the merits. *Zelinski,* 392 Pa.Super. at 499, 573 A.2d at 574.

We find that the Commonwealth's assertion that the sentencing court erroneously refused to apply the deadly weapon enhancement raises a substantial question for review. *See Commonwealth v. Pokorny,* 360 Pa.Super. 384, 386, 520 A.2d 511, 512 (1987); *Cornish,* 403 Pa.Superior Ct. at 494, 589 A.2d at 720 (allegation that sentencing court refused to apply deadly weapon enhancement provision of Sentencing Code is a substantial question).[1]

█ Once it is determined that a substantial question exists, the merits are assessed using abuse of discretion as the standard of review. *Commonwealth v. Minott,* 395 Pa.Super. 552, 577 A.2d 928 (1990). We now move to the merits of this claim to determine whether an abuse can be found.

The Commonwealth charges that the trial court erred when it imposed a sentence within the mitigated range of the guidelines rather than a sentence within the enhanced guidelines. The Commonwealth concedes that the sentence imposed under the mitigated range would have been a proper sentence for involuntary manslaughter if the deadly weapon enhancement was not required. Brief for appellant

---

1. The specific provision of the Sentencing Code challenged by this issue mandates, in pertinent part,

 When the court determines that the defendant possessed a deadly weapon, as defined in 18 Pa.C.S. § 2301 (relating to definitions), during the commission of the current offense, at least 12 months and up to 24 months *shall be added* to the guidelines sentence range which would otherwise have been applicable.

 204 Pa.Code § 303.4 (emphasis added).

at 6, n. 3. The Commonwealth believes, however, that an enhanced guideline sentence was required because appellee used a lug wrench to strike the victim. We must, therefore, decide whether the tire iron, as it was used in the circumstances of this case, constituted a deadly weapon. We believe that it did.

The Pennsylvania legislature has provided the courts with a statutory definition of "deadly weapon." It provides, in pertinent part,

"Deadly weapon." Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or *any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.*

18 Pa.C.S.A. § 2301 (emphasis added).

Although deadly weapons are commonly items which one would traditionally think of as dangerous (*e.g.,* guns, knives, etc.), there are instances when items which normally are not considered to be weapons can take on deadly status. *See e.g., Commonwealth v. Prenni,* 357 Pa. 572, 55 A.2d 532 (1947) (broom handle); *Commonwealth v. Cornish,* 403 Pa.Super. 492, 589 A.2d 718 (1991) (fireplace poker); *Commonwealth v. Brown,* 402 Pa.Super. 369, 587 A.2d 6 (1991) (dry-wall saw). The definition of deadly weapon does not demand that the person in control of the object intended to injure or kill the victim. Instead, it gives objects deadly weapon status on the basis of their use under the circumstances. *See Commonwealth v. Burns,* 390 Pa.Super. 426, 429, 568 A.2d 974, 976 (1990), *allocator denied* 525 Pa. 616, 577 A.2d 888 (1990). It does not matter, for the purpose of determining the status of the tire iron, whether or not appellee intended for it to trip the victim or to do more serious injury. Thus, we fail to see why it matters, as it does to the trial court, that the tire iron belonged to the

victim or that appellee may have believed he was justified in throwing it at Crespo after Crespo threw it at him.[2]

Although a tire iron is not traditionally deemed a deadly weapon, it is an instrument which is likely to produce death or serious bodily injury if used in a manner such as that used by appellee against Steven Crespo. If one throws a tire iron, a heavy object made of a heavy metal, at another person, there is a high probability that the victim will be seriously hurt or killed. Thus, the tire iron used by appellee to strike the victim became a deadly weapon at the moment appellee threw it in the direction of the ultimate victim.

This Court has decided that in the context of calculating the recommended guidelines' sentence, a sentencing court has no discretion to refuse to apply 204 Pa.Code § 303.4, the deadly weapons enhancement. *Cornish*, 403 Pa.Super. at 494, 589 A.2d at 720; *Commonwealth v. Septak*, 359 Pa.Super. 375, 380, 518 A.2d 1284, 1286 (1986); *Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 474, 491 A.2d 1352, 1355 (1985). Thus, by refusing to consider the deadly weapons enhancement in calculating the appropriate range under the guidelines, the sentencing court in this case abused its discretion.

■ Although a sentencing court has the discretion to impose a sentence which it deems appropriate, *Cornish*, 403 Pa.Super. at 494, 589 A.2d at 720, there is a procedure which it must follow in utilizing its discretion. The proce-

2. The trial court stated, "The deadly weapon enhancement provision does not, in this court's experience, apply to a tire iron thrown by the victim and thrown back by the defendant who was not in clear possession of it. Clearly this court did not abuse its discretion in fashioning a sentence within the mitigated range of the sentencing guidelines and in not applying the deadly weapon enhancement." Trial court opinion at 5.

However, 42 Pa.C.S.A. § 2154 provides, as applicable to this case, that the sentencing guidelines "shall be considered by the sentencing court" and that "'possessed' means on the defendant's person or within his immediate physical control." Therefore, the trial court was obligated to find that appellee possessed a deadly weapon because when he picked up the tire iron, it came within his immediate physical control.

dure mandates that the court consider the sentencing guidelines and, should it choose to deviate from the guidelines, it must provide a contemporaneous written statement of its reason for such deviation. 42 Pa.C.S.A. § 9721(b).[3] The Sentencing Code clearly provides that failure to comply with its requirements is grounds for vacating the sentence and resentencing the defendant. *Id.* Thus, the Commonwealth's assertion that the sentencing court erred in not stating its reasons for not applying the deadly weapons enhancement presents a substantial question because it raises an inconsistency with a specific provision of the Sentencing Code.

 The Commonwealth alleges that the trial court began its sentencing with reference to an incorrect framework by refusing to apply the deadly weapon enhancement. We reiterate, the sentencing court had no discretion to refuse to apply the deadly weapon enhancement. *Cornish,* 403 Pa.Superior Ct. at 494, 589 A.2d at 720; *Commonwealth v. Septak,* 359 Pa.Super. 375, 380, 518 A.2d 1284, 1286 (1986); *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 474, 491 A.2d 1352, 1355 (1985). In cases where the trial court erroneously calculates the starting point under the guidelines, this Court will vacate the sentence and remand for reconsideration of sentence. *See Cornish,* 403 Pa.Super. at 494, 589 A.2d at 720; *Commonwealth v. Brown,* 402 Pa.Super. 369, 375, 587 A.2d 6, 9 (1991).

 We find, in conformity with existing case law, that although a sentencing court is vested with the right, if it properly exercises its discretion, to sentence outside of the guidelines, it must begin from the correct starting point. *See Id.* Under the sentencing guidelines, the offense gravity score for appellee's involuntary manslaughter conviction

---

**3.** The pertinent part of 42 Pa.C.S.A. § 9721(b) provides

In every case where the court imposes a sentence outside the sentencing guidelines ... the court *shall* provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant. (Emphasis added.)

is five (5) and the prior record score is zero (0). 204 Pa.Code § 303.8. The minimum sentencing ranges under the guidelines are non-confinement in the mitigated range, zero (0) to twelve (12) months in the standard range, and twelve (12) to eighteen (18) months in the aggravated range. 204 Pa.Code § 303.9. If the sentencing court had begun with the deadly weapon enhancement, as we have found it was required to do, the sentencing ranges are twelve (12) to twenty-four (24) months in the mitigated range, twelve (12) to thirty-six (36) months in the standard range, and twenty-four (24) to forty-two (42) months in the aggravated range. 204 Pa.Code § 303.9. Thus, with the application of the deadly weapon enhancement, appellee's probation sentence is outside of the guidelines. The sentence must be vacated and the case remanded for resentencing after the sentencing court takes account of the deadly weapons enhancement. If the sentencing court then finds it appropriate to sentence appellee outside of the guidelines, it may do so provided it places adequate reasons for the deviation on the record.[4]

We find that the Commonwealth's assertion that the sentencing court's failure to consider death threats which appellee allegedly made to police officers who arrested him for a subsequent, unrelated offense does not raise a substantial question for our review. The Commonwealth's 2119(f) statement fails to state how this alleged error has compromised the sentencing scheme as a whole. Accordingly, we will not reach the merits of appellant's argument on this issue.

For the foregoing reasons, the judgment of sentence is vacated and the case is remanded for resentencing in accordance with the provisions of this decision. Jurisdiction is relinquished.

Dissenting opinion by McEWEN, J.

**4.** We note that such reasoning may be subject to later review by this Court.

McEWEN, Judge, dissenting:

Since the author of the majority opinion has provided so insightful an analysis and thoughtful an expression of view, I hasten to express at the outset that I agree (1) that a sentencing court must consider the deadly weapons enhancement in calculating the applicable ranges under the guidelines, and (2) that, whatever the guideline ranges of that calculation, the court may proceed to impose a sentence outside the guidelines, including a sentence of probation for involuntary manslaughter[1].

I am compelled, nonetheless, to this dissent because I am of a mind that, under the facts of this case, the tire iron, as it was used in this case, did not meet the definition of a "deadly weapon", and that, therefore, the trial court properly concluded that the deadly weapon enhancement provision of the sentencing guidelines was inapplicable.

This appeal focuses, of course, upon the section of the Sentencing Code known as the deadly weapon enhancement requirement which declares:

> *When the court determines* that the defendant *possessed a deadly weapon,* as defined in 18 Pa.C.S. § 2301 (relating to definitions), during the commission of the current offense, at least 12 months and up to 24 months shall be added to the guidelines sentence range which would otherwise have been applicable. (emphasis supplied).

204 Pa.Code § 303.4. Thus, the sentencing court is required to add a period of between twelve months and twenty-four months in its calculation of the three guideline ranges, whenever two conditions precedent coalesce, namely, the facts of the offense include (1) the *possession* by the defendant of (2) a *deadly weapon.* The distinguished Judge Lisa A. Richette did not here consider the deadly weapon enhancement in calculating the applicable ranges under the guidelines because, in her words:

---

1. The sentencing court must, of course, provide a contemporaneous written statement of the reasons for the departure from the guidelines. 42 Pa.C.S. § 9721(b).

[T]he deadly weapon enhancement does not, in this court's experience, apply to a tire iron thrown by the victim and thrown back by the defendant who is not in clear possession of it.

The very first phrase of the enhancement provision itself confers upon the trial court the prerogative of determining whether a device is a deadly weapon. Moreover, this court has established as clear and certain that the determination of whether a particular weapon is within the embrace of the statute can only be made by the trial court measuring the specificity of the statute against the actual facts of the occurrence and conduct of the party challenging the applicability of the statute. *Commonwealth v. McKeithan,* 350 Pa.Super. 160, 504 A.2d 294 (1986). Since there is a sound basis for the ruling of the trial court, I am unwilling to intrude upon the statutorily conferred prerogative of the trial court by substituting our judgment upon the issue.

An analysis of the issue summons to focus the statutory definition of the term *deadly weapon:*

Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death, or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.

18 Pa.C.S. § 2301. Clearly, firearms and knives, which, by virtue of their design and construction, may be used to kill, maim, or inflict serious bodily injury, are to be regarded as deadly *per se.* Other instrumentalities, which are not weapons by primary function because they are designed to serve some positive purpose, are not deadly *per se,* and only become a deadly weapon when wielded or used by its possessor for the purpose of causing death or inflicting bodily harm. *See,* e.g., Anno., *Walking Cane as Deadly Weapon,* 8 ALR 4th 842 (1981); *Cummings v. State,* 270 Ind. 251, 384 N.E.2d 605 (1979) (stapler qualified as deadly weapon when used during robbery to bludgeon victim);

*Evans v. State*, 516 N.E.2d 36 (Ind.1987) (fan belt used to choke robbery victim constituted deadly weapon).

Truly, a tire iron can be a deadly weapon, and when it is routinely carried by a driver under his seat, and not in the trunk, it is kept as a deadly weapon. And, of course, when a tire iron is wielded as a weapon by its *possessor* or used by its *possessor* to inflict blows, it becomes unquestionably a deadly weapon. Here, however, appellee did not grab the tire iron from beneath his vehicle seat, appellee did not wield the tire iron as a weapon, and appellee did not use it to strike blows.

Moreover, appellee did not arm himself with the tire iron as he embarked upon a criminal mission. It is so implicit as to be explicit that the enhancement provision is directed at the actor who arms himself so that the device or instrumentality serves as complement to a formed intent to enter upon a criminal foray. Such an intent is not a necessary ingredient for guilt of unlawfully carrying a firearm. 18 Pa.C.S. § 6106. However, the intent to engage in other criminal activity is, by definition, a prerequisite to application of an *enhancement* statute since the enhancement provision refers to underlying criminal conduct which results in an initial sentence which the weapon provision is to *enhance*. Thus it is that I would refrain from reversing the ruling of the trial court that the deadly weapon enhancement statute was not applicable, and would instead affirm the judgment of sentence.