J-S08036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL KRANENBURG | |
| Appellant | No. 2340 EDA 2014 |

Appeal from the Judgment of Sentence January 16, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000445-1999

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                        **FILED JANUARY 23, 2015**

Michael Kranenburg ("Appellant")[1] appeals the judgment of sentence entered in the Monroe County Court of Common Pleas following his guilty plea conviction for simple assault.[2]  We affirm.

On March 6, 1999, Appellant engaged in an altercation with Jeffrey Stumpp ("Victim"), at a residence in Locust Lake Village, Tobyhanna Township, Monroe County, Pennsylvania.  During the course of the altercation, Appellant struck Victim in the head 3-4 times with an aluminum ski pole with enough force to break the ski pole in two.  The beating resulted

---

[1] We acknowledge that many documents in the certified record refer to Appellant alternatively as "Michael Krenenburg".

[2] 18 Pa.C.S. § 2701(a)(1).

in protracted blindness and permanent disability to Victim's left eye. Appellant fled the scene on foot after administering the beating, but police apprehended him later that day.

On March 7, 1999, police filed a criminal complaint charging Appellant with one count of aggravated assault[3] and two counts of simple assault. On February 9, 2000, Appellant entered a guilty plea, and the trial court set sentencing for February 22, 2000. Appellant, having fled to Colorado, failed to appear for sentencing, and the trial court issued a bench warrant.

Appellant turned himself in nearly 14 years later, on January 6, 2014. Thereafter, on January 16, 2014, the trial court sentenced Appellant to one year of intermediate punishment, two weeks of which would be spent in the intermediate punishment program at the Monroe County Correctional Facility.

On February 27, 2014, the Monroe County District Attorney's Office filed a Petition for Violation of Intermediate Punishment,[4] on which the trial court held a hearing on March 28, 2014. Finding Appellant violated the terms of his intermediate punishment sentence, the trial court re-sentenced

_____

[3] 18 Pa.C.S. § 2702(a)(4).

[4] The violation petition alleged Appellant violated his intermediate punishment by (1) failing to report on February 25, 2014, (2) being arrested in New York State on February 11, 2014, and (3) failing to inform his probation officer of a change of address within 72 hours.

Appellant to 7 to 24 months' incarceration. Appellant filed a motion for reconsideration on April 1, 2014, which the trial court denied on April 2, 2014. Appellant did not file a direct appeal.

On May 9, 2014, Appellant filed a PCRA petition seeking reinstatement of his direct appeal rights on his original, January 16, 2014, judgment of sentence. The PCRA court reinstated Appellant's direct appeal rights by agreement of the parties, and Appellant filed a notice of appeal on July 30, 2014. Appellant filed a Pa.R.A.P. 1925(b) statement on August 29, 2014, and the PCRA court filed its Pa.R.A.P. 1925(a) opinion on September 29, 2014.

Appellant presents the following issues for our review:

[I.] Whether Appellant was unlawfully sentenced pursuant to Pennsylvania Rule of Criminal Procedure 704 since Appellant was not sentenced within 90 days of the date of his conviction[?]

[II.] Whether the trial court abused its discretion by imposing a deadly weapons enhancement to Appellant's sentence as there was no evidence presented to support a finding that a ski pole is a deadly weapon[?]

Appellant's Brief, p. 6.

Appellant first argues his sentence is illegal because the trial court did not sentence him within 90 days of the entry of his guilty plea. **See** Appellant's Brief, pp. 15-21. We disagree.

Our scope and standard of review for illegal sentence claims is as follows:

>The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

**Commonwealth v. Leverette**, 911 A.2d 998, 1001-1002 (Pa.Super.2006) (internal citations omitted).

The Pennsylvania Rules of Criminal Procedure provide, in pertinent part:

>[S]entence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*.

Pa.R.Crim.P. 704(A)(1). Our Supreme Court has explained that courts should analyze sentencing delay claims under the same standard as alleged speedy trial violations. **See Commonwealth v. Glass**, 586 A.2d 369, 371-72 (Pa.1991). The Supreme Court described the factors to be considered in such an analysis as follows:

>In determining whether a defendant's constitutional speedy trial right has been violated, it must first be determined whether the delay itself is sufficient to trigger further inquiry. If the delay is sufficient to trigger further inquiry, the reviewing court must balance the length of the delay with the reason for the delay, the defendant's timely assertion of his right to a speedy trial, and any resulting prejudice to the interests protected by the right to a speedy trial.

**Glass**, 586 A.2d at 371-72 (quoting **Commonwealth v. Glover**, 458 A.2d 935, 937 (Pa.1983)) (internal citations omitted); **see also Commonwealth**

***v. Diaz***, 51 A.3d 884, 887 (Pa.Super.2012) (quoting ***Commonwealth v. Anders***, 725 A.2d 170, 172-173 (Pa.1999)) ("[A] defendant who is sentenced in violation of Pa.R.Crim.P. 1405 [now Pa.R.Crim.P. 704], is entitled to a discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her. . . . [T]o determine whether discharge is appropriate, the trial court should consider: (1) the length of the delay falling outside of [the Pa.R.Crim.P. [90–day–and–good–cause provisions]; (2) the reason for the improper delay; (3) the defendant's timely or untimely assertion of his rights; and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights."). "Prejudice should not be presumed by the mere fact of an untimely sentence. Our approach has always been to determine whether there has in fact been prejudice, rather than to presume that prejudice exists. The court should examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation." ***Diaz***, 51 A.3d at 887. Additionally, this Court has long held that a defendant who absconds or otherwise fails to appear when his case is called cannot then complain of delays exceeding statutory periods and is not entitled to discharge based on a failure to timely sentence him. ***See Commonwealth v. Vorhauer***, 331 A.2d 815, 817 (Pa.Super.1974) (defendant not entitled to relief where he absconded and failed to appear for scheduled trial).

Here, Appellant's own actions caused the nearly 14-year delay. Appellant pleaded guilty on February 9, 2000, and the trial court scheduled sentencing to occur 13 days later, on February 22, 2000. Appellant absconded until January 6, 2014. The trial court sentenced Appellant 10 days after his surrender, on January 16, 2014. Excluding the period of delay caused by Appellant's flight from justice, only 23 days elapsed between Appellant's conviction and sentencing. This is well within the 90-day limit mandated by Pa.R.Crim.P. 704. Therefore, Appellant's claim that the trial court illegally sentenced him in violation of Pa.R.Crim.P. 704 fails.[5]

Appellant next argues that the trial court abused its discretion in imposing a deadly weapon enhancement to his sentence because no evidence supported a finding that the ski pole used in the assault was a deadly weapon. *See* Appellant's Brief, pp. 21-24. Again, we disagree.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record,

_____

[5] To the extent Appellant suggests that the Commonwealth needed to illustrate, as in a Pa.R.Crim.P. 600 claim, its due diligence regarding attempts to extradite him following his multiple arrests in Colorado, he is incorrect. *See* Appellant's Brief, pp. 17-18. The Commonwealth's obligation to illustrate due diligence does not arise in reference to periods where a defendant voluntarily absconds. *See Commonwealth v. Williams*, 445 A.2d 537, 539 (holding the Commonwealth need not illustrate due diligence to exclude periods where a defendant on bail absconds or otherwise voluntarily fails to appear at a court proceeding of which he has been properly notified).

that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super.2014).

When a trial court determines that a defendant possessed and/or used a deadly weapon during the commission of a crime, the court must consider the deadly weapon sentence guideline enhancement. 204 Pa.Code § 303.10. The Crimes Code defines a "deadly weapon" as "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S. § 2301; ***see also*** 204 Pa.Code § 303.10. Therefore, a "deadly weapon" need not be a gun or a knife, but instead can be anything calculated or likely to produce serious bodily injury. ***See Commonwealth v. Scullin***, 607 A.2d 750, 753 (Pa.Super.1992) (tire iron); ***Commonwealth v. Brown***, 587 A.2d 6, 7 (Pa.Super.1991) (drywall saw); ***Commonwealth v. Cornish***, 589 A.2d 718, 719 (1991) (fireplace poker); ***Commonwealth v. Prenni***, 55 A.2d 532, 532 (Pa.1947) (stick similar to a broom handle). Further, "the definition of deadly weapon does not demand that the person in control of the object intended to injure or kill the victim. Instead, it gives objects deadly weapon status on the basis of their use under the circumstances." ***Scullin***, 607 A.2d at 753.

Additionally, the Crimes Code defines "serious bodily injury" as a "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or *protracted loss or impairment of the function of any bodily member or organ*." 18 Pa.C.S. § 2301 (emphasis provided).

In determining that the ski pole in this incident was a "deadly weapon," the trial court observed:

> A ski pole is definitely an instrumentality, the broad definition of which is a "thing used to achieve an end or purpose." Black's Law Dictionary, 8th ed., 2004. The ski pole is also likely to produce serious bodily injury. . . . [Appellant] struck the victim, in the head, with an aluminum ski pole 3-4 times with enough force it caused the pole to break in two. This use of the ski pole was clearly likely to cause serious bodily injury if not death. In fact, the use of the ski pole did bring about serious bodily injury causing the victim to suffer protracted blindness and permanent disability to his eye.

Trial Court Pa.R.A.P. 1925(a) Opinion, September 29, 2014, p. 4. We agree that an aluminum ski pole is a deadly weapon where it is employed to strike the head of another with such force that the ski pole is broken and results in the victim suffering protracted blindness and permanent disability to an eye. Therefore, Appellant's claim that the trial court improperly applied the deadly weapons enhancement fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/23/2015</u>