J-S45043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ABRAHAM GARCIA, JR. | : | |
| | : | |
| Appellant | : | No. 283 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 1, 2017
in the Court of Common Pleas of Berks County
Criminal Division at No.:  CP-06-CR-0003875-2016

BEFORE:   OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 06, 2018**

Appellant, Abraham Garcia, Jr., appeals from the judgment of sentence

entered in the Court of Common Pleas of Berks County, following his jury trial

convictions for one count each of robbery,[1] aggravated assault attempting to

cause serious bodily injury,[2] aggravated assault -- bodily injury to another

---

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 2702(a)(1).

---

\*   Retired Senior Judge assigned to the Superior Court.

with a deadly weapon,[3] and harassment[4] and two counts each of theft by unlawful taking and simple assault.[5] We affirm.

At about 4:00 P.M. on July 27, 2016, at the 500 block of Penn Street in Reading, Michael Fornwald's former girlfriend, Alyx Mazaika, warned him that

---

[3] For the second count of aggravated assault, Count 3 overall, the Information, filed on September 22, 2016, states that Appellant was charged pursuant to 18 Pa.C.S. § 2702(a)(4): "attempt to cause or intentionally or knowingly cause bodily injury to MICHAEL FORNWALD with a deadly weapon." However, during the final jury charge for Count 3, the trial court only instructed on the "intentionally or knowingly cause bodily injury" portion and not on the "attempt to cause" portion of this statute. N.T. Trial, 10/24-25/2017, at 194-95 (trial court instructing: "aggravated assault, causing bodily injury with a deadly weapon," where the jury must find "that the defendant caused bodily injury to another person"). The verdict slip lists Count 3 as "Aggravated Assault (attempt or knowingly cause bodily injury to Michael Fornwald with a deadly weapon)." Verdict of the Jury, dated 10/25/2017, filed 10/30/2017, at 1.

However, Appellant concedes that he caused bodily injury to the victim, Michael Fornwald, Appellant's Brief at 26; hence, the attempt clause is immaterial, which aligns with the jury instructions for this count. N.T. Trial, 10/24-25/2017, at 194-95. "The law presumes that the jury will follow the instructions of the court." **Commonwealth v. Patterson**, 180 A.3d 1217, 1228 (Pa. Super. 2018) (citation omitted), *reargument denied* (Apr. 18, 2018).

Additionally, for reasons explained below, the evidence was sufficient to establish that Appellant acted intentionally, which is the required *mens rea* for either an attempt to cause or intentionally causing bodily injury, and we therefore do not need to consider whether Appellant knowingly caused bodily injury. 18 Pa.C.S. § 2702(a)(4); **Commonwealth v. Holley**, 945 A.2d 241, 247 (Pa. Super. 2008) ("the Commonwealth does not have to prove that the serious bodily injury was actually inflicted but rather that the Appellant acted with the specific intent to cause such injury").

[4] 18 Pa.C.S. § 2709(a)(1)

[5] 18 Pa.C.S. §§ 3921(a) and 2701(a), respectively.

the Appellant was looking for him. N.T. Trial, 10/24-25/2017, at 45-51, 54, 85-86, 89, 132. Fornwald and his current girlfriend, Mari Cornelsen, ignored the warning and walked to a nearby bus stop. Appellant approached Fornwald from behind, placed a knife against the lower left side of Fornwald's throat, and demanded Fornwald empty his pockets. Appellant "told [Fornwald] that [Fornwald] had robbed from his girlfriend so he was going to rob from [Fornwald]." *Id.* at 50.

Fornwald pushed away the knife by grabbing the blade with his left hand, cutting his left thumb and pointer finger and wounding his shoulder. *Id.* at 51-57, 74, 89-91, 128; Commonwealth's Exs. 2-6, 8-11. Several witnesses called the police, and Appellant left the scene with Fornwald's wallet and cellular telephone.

Fornwald testified at Appellant's preliminary hearing and trial. *See id.* at 45-81.[6] During direct examination at trial, Fornwald stated that Appellant held "a knife against my throat" and that, following Appellant's demand, he had emptied his pockets himself. *Id.* at 50, 54-55. Fornwald also admitted that he had two prior convictions for misdemeanor theft, less than a year before trial. *Id.* at 60.

During cross-examination, defense counsel indicated to Fornwald that, on page 7 of the notes of testimony from the preliminary hearing on August 26, 2016, he had said that Cornelsen had been the one to reach into

---

[6] The notes of testimony from the preliminary hearing on August 26, 2016, are not in the certified record.

his pockets; Fornwald admitted his mistake and clarified that Cornelsen had been the one to empty his pockets. *Id.* at 70. Defense counsel also showed Fornwald the portion of the preliminary hearing transcript where Fornwald had said that he was facing Appellant "at this point[,]" which defense counsel took to mean when Cornelsen emptied Fornwald's pockets, and Fornwald explained that he meant that he faced Appellant after his pockets were emptied. *Id.* at 75-76.

Mazaika also testified that she witnessed Appellant demand money from Fornwald while holding a knife to Fornwald's throat but that "the sharp part of the blade was facing outwards away from" Fornwald's neck. *Id.* at 88, 90; *see also id.* at 89 ("the blade was facing out"), 100 (same). She continued that Cornelsen reached into Fornwald's pockets, "pulled out the money and gave it to [Appellant,]" which Appellant grabbed then left the scene. *Id.* at 90-91. She further testified that, when she saw Appellant later that day, he had Fornwald's cellular telephone and wallet with $15.00 in cash with him. *Id.* at 94.[7]

In addition, Officer Robert Crowley of the City of Reading Police Department testified at trial. *Id.* at 122-23. Officer Crowley testified that, when Appellant was located, Fornwald's cellular telephone and wallet were in

---

[7] Fornwald's wallet was distinctive: it was red and black, with a chain, and had a picture of the Marvel character, Deadpool, on the front flap. Commonwealth's Ex. 10.

his possession; the wallet still contained Fornwald's driver's license. *Id.* at 128; *see also* Commonwealth's Exs. 6, 8-11.

The jury convicted Appellant of the aforementioned charges on October 25, 2017, and the trial court sentenced him on November 1, 2017. On November 13, 2017, Appellant filed a post-sentence "motion for new trial as the verdicts were against the weight of the evidence." Mot. for Post-sentence Relief, 11/13/2017, at ¶ II.[8] The trial court denied the motion on January 18, 2018, and Appellant's timely appeal followed on February 6, 2018. Appellant timely filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court filed a responsive opinion.

Appellant raises two issues for our review:

[1.] Whether the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Appellant possessed the requisite *mens rea* to commit both counts of aggravated assault.

[2.] Whether the trial court abused its discretion when permitting a guilty verdict that was against the weight of the

_____

[8] Appellant thereby satisfied the requirements of Pa.R.Crim.P. 607(A) to preserve a weight of the evidence claim:

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

evidence, particularly a verdict that relied on testimonial evidence that lacked credibility.

Appellant's Brief at 8 (trial court's answers and Appellant's suggested answers omitted).

Appellant first contends that the Commonwealth failed to provide sufficient evidence that he possessed the proper *mens rea* to commit aggravated assault. *Id.* at 15.[9]

> In reviewing the sufficiency of the evidence, our standard of review is as follows:

> Whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. . . . Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fortson***, 165 A.3d 10, 14–15 (Pa. Super.) (citation and internal brackets omitted) (some formatting), *appeal denied*, 174 A.3d 558 (Pa. 2017).

Here, Appellant specifically asserts that the evidence was insufficient to support his conviction for aggravated assault attempting to cause serious bodily injury, pursuant to 18 Pa.C.S. § 2702(a)(1), because the Commonwealth did not establish that he had the specific intent to attempt to

---

[9] Appellant does not challenge the sufficiency of the evidence to establish any other element of either of his two aggravated assault convictions. Appellant's Brief at 14-29.

cause serious bodily injury. Appellant's Brief at 15-16. Appellant contends that his declaration to rob Fornwald and the direction that he held the knife – facing outward – demonstrate that he did not intend to harm Fornwald. *Id.* at 19-20.

According to 18 Pa.C.S § 2702(a)(1): "A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury[10] to another[.]"

> In order to sustain a conviction for aggravated assault, the Commonwealth does not have to prove that the serious bodily injury was actually inflicted but rather that the Appellant acted with the specific intent to cause such injury. Further, where the victim does not sustain serious bodily injury, the Commonwealth must prove that the appellant acted with specific intent to cause serious bodily injury. The Commonwealth may prove intent to cause serious bodily injury by circumstantial evidence.

*Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa. Super. 2008) (internal brackets and citation omitted) (some formatting).

"[I]t is well settled the use of a deadly weapon on a vital part of the body is sufficient to establish a specific intent to kill. Clearly, a specific intent to cause serious bodily injury can be inferred from the same circumstances." *Commonwealth v. Nichols*, 692 A.2d 181, 184–85 (Pa. Super. 1997) (citation omitted). In *Commonwealth v. Montalvo*, 956 A.2d 926, 933 (Pa. 2008), the use of a knife on the victim's "neck — a vital part of her body --" was found to be sufficient evidence for a jury to conclude that the appellant

---

[10] "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

"acted with the specific intent to kill[.]" *See also Commonwealth v. Raybuck*, 915 A.2d 125, 128 (Pa. Super. 2006) (knife is a deadly weapon); *Commonwealth v. Scullin*, 607 A.2d 750, 753 (Pa. Super. 1992) (same).

Here, two witnesses – Fornwald and Mazaika – testified that Appellant used a knife against Fornwald's neck. N.T. Trial, 10/24-25/2017, at 50-51, 54, 89. As the use of a knife against a victim's neck/throat is sufficient to establish a specific intent to kill, *Montalvo*, 956 A.2d at 933, and since circumstances where a specific intent to kill is found would also support a finding of a specific intent to cause serious bodily injury, *Nichols*, 692 A.2d at 184–85, Appellant's use of a knife against Fornwald's throat, N.T. Trial, 10/24-25/2017, at 50-51, 54, 89, is sufficient for a jury to find that Appellant possessed a specific intent to cause serious bodily injury to Fornwald.

As for Appellant's argument that Mazaika's testimony that the sharp end of the knife's blade was facing away from Fornwald's neck demonstrates that he did not specifically intend to injure Fornwald, Appellant's Brief at 20, the jury could have concluded that the Appellant mistakenly held the blade the wrong way and that the direction of the blade did not demonstrate a lack of intent to cause serious bodily injury. Moreover, the only witness to testify that the sharp side blade was turned away from Fornwald's throat was Appellant's current girlfriend, *id.* at 88-89, 100, and the jury may have found her testimony on this point to be self-serving and dubious without corroboration.

Appellant's declaration that he intended to rob Fornwald, *id.* at 50, also fails to eliminate his intent to cause serious bodily injury, as a robbery can include the infliction of serious bodily injury. *See* 18 Pa.C.S. § 3701(a)(1). If anything, Appellant's announcement of his plan to rob Fornwald suggests that Appellant intended to harm Fornwald, not the opposing inference. Accordingly, we find that Appellant's claim that the evidence was insufficient to support his conviction for aggravated assault pursuant to 18 Pa.C.S § 2702(a)(1) merits no relief.

Additionally, Appellant argues that the evidence was insufficient to support his conviction for aggravated assault causing bodily injury with a deadly weapon, pursuant to 18 Pa.C.S. § 2702(a)(4), because, although he concedes that Fornwald suffered bodily injury,[11] the evidence did not establish that he intentionally or knowingly caused said bodily injury. Appellant's Brief at 15, 25-26.

According to 18 Pa.C.S. § 2702(a)(4): "A person is guilty of aggravated assault if he . . . attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]"

> (1) A person acts intentionally with respect to a material element
> of an offense when:

---

[11] "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

*Id.* § 302(b)(1)-(2).

As we have established above that Appellant had the specific intent to cause serious bodily injury, this conclusion incorporates a finding that Appellant had the intent to cause bodily injury, and we do not need to separately analyze Appellant's *mens rea* for Section 2702(a)(4). The evidence was thereby sufficient to establish both counts of aggravated assault, and Appellant's first challenge in its entirety is without merit.

Appellant next maintains that "inconsistent and unreliable testimony" from Fornwald,[12] who had *crimen falsi* convictions for theft less than a year

_____

[12] In his weight of the evidence argument, Appellant only challenges Fornwald's credibility, not that of any other witness, including Mazaika, who admitted to multiple *crimen falsi* convictions, including three theft convictions. N.T. Trial, 10/24-25/2017, at 92.

before the trial, "renders the robbery conviction[13] against the weight of the evidence." Appellant's Brief at 29, 31. Specifically, Appellant cites to Fornwald's inability to recall if he or Cornelsen emptied his pockets. Appellant's Brief at 11, 30 (citing N.T., 8/26/2016, at 7; N.T. Trial, 10/24-25/2017, at 54-55, 69-70, 90). Furthermore, Appellant insists that "[t]here were numerous differences in [Fornwald]'s rendition of events between the preliminary hearing and the jury trial": during the preliminary hearing, Fornwald testified that he faced the Appellant while retrieving items from his pockets; during trial, Fornwald testified that Appellant was behind him at all times. *Id.* at 30-31 (citing N.T., 8/26/2016, at 11; N.T. Trial, 10/24-25/2017, at 75-76).

Our standard of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses.
>
> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.

---

[13] Appellant does not contend that Fornwald's allegedly "inconsistent and unreliable testimony" renders any of his other convictions against the weight of the evidence. *See* Appellant's Brief at 29-32.

*Commonwealth v. Talbert*, 129 A.3d 536, 545–46 (Pa. Super. 2015) (internal brackets, citations, and quotation marks omitted) (some formatting). "[I]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa. Super. 2017), *appeal denied*, 183 A.3d 970 (Pa. 2018).

All of the inconsistencies between Fornwald's preliminary hearing testimony and his trial testimony were known by the jury, as were his prior *crimen falsi* convictions. N.T., 10/25-26/2017, at 60, 70, 75-76,[14] 90. Armed with this knowledge, the jury made their credibility determinations and still concluded that Appellant was guilty of robbery. The trial court reasoned that the jury "decided to believe all or at least part of Fornwald's testimony." Trial Court Opinion, filed April 5, 2018, at 5. All credibility determinations are the prerogative of the jury as fact-finder, and we cannot and will not substitute our judgment for that of the jurors. *See Talbert*, 129 A.3d at 545–46.

Assuming *arguendo* that the jury found Fornwald not to be credible, it still could have convicted Appellant of robbery based upon other evidence presented at trial. Appellant was convicted of robbery pursuant to 18 Pa.C.S.

---

[14] We note that Fornwald's preliminary hearing and trial testimony about the direction in which he was facing may not actually be in conflict. During his trial testimony, Fornwald clarified his statement from the preliminary hearing that he was facing Appellant "at this point[ in time,]" explaining that "at this point" referred to after his pockets were emptied, not while they were being emptied. N.T. Trial, 10/24-25/2017, at 75-76.

§ 3701(a)(1)(ii): "A person is guilty of robbery if, in the course of committing a theft, he . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]"

"The Commonwealth need not prove a verbal utterance or threat to sustain a conviction under subsection 3701(a)(1)(ii). It is sufficient if the evidence demonstrates aggressive actions that threatened the victim's safety." **Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa. Super. 2011) (internal brackets, citations and quotation marks omitted).

Here, even without Fornwald's testimony, the jury could have convicted Appellant of robbery, because Mazaika's testimony established that Appellant committed a theft when he demanded Fornwald's money, then took Fornwald's property. N.T. Trial, 10/24-25/2017, at 90-91, 94. The theft was corroborated when police found Fornwald's cellular telephone and wallet with his driver's license inside in Appellant's possession. Commonwealth's Exs. 6, 8-11; N.T. Trial, 10/24-25/2017, at 128. Mazaika's testimony also established that Appellant threatened Fornwald's safety through the aggressive action of holding a knife against Fornwald's neck. **Id.** at 89. Thus, for argument's sake, even if the jury found Fornwald completely incredible and, consequently, wholly disregarded his testimony, the jury still could have concluded that other evidence at trial established that, while in the course of committing a theft, Appellant threatened Fornwald with immediate serious bodily injury and hence committed robbery. **See** 18 Pa.C.S. § 3701(a)(1)(ii).

Therefore, whether the jury believed all, part, or none of Fornwald's testimony, its decision to convict Appellant of robbery does not shock the conscience. **See Hansley**, 24 A.3d at 416; **Talbert**, 129 A.3d at 545–46.

Accordingly, we find no abuse of discretion and no error in the trial court's decision to deny Appellant's motion for a new trial based upon the weight of the evidence. Appellant's second issue on appeal thus merits no relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2018