THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELADIO RODRÍGUEZ OCAÑA, Defendant and Appellant.

No. CR-62-274.     Decided May 9, 1963.

*Santos Sánchez Lorenzi,* counsel appointed by the Court to assist defendant in his appeal. *Rodolfo Cruz Contreras, Acting Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Eladio Rodríguez Ocaña was charged with an offense of mayhem consisting in that on August 7, 1961, in the town of Utuado, Puerto Rico, he assaulted and battered Emilio Pagán Rodríguez with a club 24 inches long, producing a contused wound approximately two and one half inches long on the frontal region which, according to the information, disfigured his face. The case was heard before a court without a jury and the judge, after observing closely the small and reduced scar, concluded that the case was not one of mayhem but of aggravated assault and battery and sentenced him for the latter offense.

In his appeal before this Court defendant assigns seven errors. The first two can be disposed of jointly; one error consists in permitting Muñoz Ramos to assume the accused's defense without being duly acquainted with the case, and the other the failure of the trial court to inform the accused of his right to be tried by a jury. The first error is absolutely frivolous since the accused himself testified that he spoke with his attorney—a private attorney, not appointed by the court—prior to the trial, that his attorney showed interest, that he trusted his attorney and did not need any

other professional assistance; the second is completely unfair as shown by the following extract (T.E. pp. 3–4) of the transcript of evidence:

"Hon. Judge: Therefore, he, in his own right, moves the court for a trial by the court without a jury because you wish to waive and do waive the jury. Is that your decision?
"Accused: Yes, sir.
"Hon. Judge: Do you know what a jury is?
"Accused: Yes, sir. I understand a little.
"Hon. Judge: Furthermore, the jury is a court composed of twelve persons, ladies and gentlemen of the district, and in our opinion every accused has more advantage if his case is tried by a jury instead of by a court without a jury, and it is proper to say that these twelve persons are twelve consciences, twelve opinions. Do you understand?
"Accused: Yes, sir.
"Hon. Judge: Has anyone threatened you so that you might waive the jury?
"Accused: No, sir.
"Hon. Judge: Nor have you been offered anything so that the case may be heard by the court without a jury because the judge is more lenient and liberal?—No, sir [*sic*].
"Accused: No, sir.
"Hon. Judge: In that case it will be tried by the court without a jury. Let the information be read."

■ As to the third error relative to the deadly character of the assault instrument—in this case a "club" used as a cudgel—defendant alleges that such piece of wood is not a deadly weapon per se and, therefore, any wound produced by such piece of wood cannot be considered as a wound produced by a deadly weapon within an aggravated assault. We are agreed that a "club" is not a deadly weapon per se when it is used within the common and ordinary use of wood, such as a cross board, a baseball bat, a cross timber, the leg of a table. However, when it is used as an assault instrument capable of producing grave bodily injury, it may become a deadly weapon. *Simons* v. *State*, 149 S.W.2d 103, 106–07 (Graves) (1941); *Commonwealth* v. *Prenni*, 55 A.2d 532,

328

533 (Stearne) (1947); *Wisniewski* v. *State*, 138 A.2d 333, 342 (Bramhall) (1957).

■■ The fourth error is to the effect that the trial court erred in rendering a judgment which is not supported by the evidence; the fifth error, that the trial judge erred in making certain unfavorable comments on the occupation or employment of the only defense witness. The fourth error refers to the failure of the judge to give credit to the plea of self-defense presented by the defendant's evidence, not contradicted by the prosecution evidence. The effects of the evidence certainly form part of the judicial power. As usual, there are two versions of the facts and the trial court gave credit to one and rejected the other. The comments referred to in the fifth error could have been injurious before a jury, but not in a case tried before a court without a jury.

■ The sixth error is based on the theory that an offense of assault and battery, with aggravating circumstances, cannot be considered as included within an offense of mayhem. There was a time when it was thought that a slash on the cheek of a soldier of the king constituted a serious offense to the processional majesty of the Crown; however, the students of the University of Heidelberg considered it an honor to exhibit a slashed cheek, following an old custom of the heroic forum of the medieval institutes. Historically considered, the offense of mayhem is nothing but a cosmetic modality of the offense of causing grave bodily injury, irrespective of its strange category. Since this is so, it is not difficult to conclude that in the absence of disfigurement, the offense may be reduced to a simple aggravated assault and battery. *People* v. *Negrón*, 77 P.R.R. 741, 746–47 (Belaval) (1954).

■ As to the seventh error relative to the penalty imposed, we believe that defendant is right. This case, reduced to its just proportion, involves a "quarrel" between two pub-

lic carriers over a hesitant passenger, an injured person who bites, an aggressor who hits him with a club on the forehead, and a policeman who intervenes at the right moment. It is not the question that the wicked talionic hydra should once more raise its repugnant head.

The judgment will be modified ordering defendant to pay a fine of $100, or in default thereof to serve one day in jail for each dollar which he fails to pay, not exceeding 90 days.