J-A17001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHENGZAO SUN | : | |
| | : | |
| Appellant | : | No. 19 EDA 2021 |

Appeal from the Judgment of Sentence Entered the July 9, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004005-2019

BEFORE:   McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                   Filed: November 4, 2021

Chengzao Sun appeals from the judgment of sentence imposed on his convictions for Aggravated Assault, Simple Assault, and Harassment.[1] Sun challenges the sufficiency of the evidence for Aggravated Assault, arguing that there was no evidence that his hitting his wife with an aluminum baseball bat met the definition of the use of a "deadly weapon." He also argues that this Court should remand so the trial court may take testimony from trial counsel about his failure to object to the absence of a jury instruction on the definition of "serious bodily injury." We affirm.

The factual background of this case is as follows. On July 12, 2019, Sun and his wife, Shu Yang, were having dinner when they began to argue. N.T.,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 2701(a)(1), 2709(a)(1), respectively.

1/29/20, at 28-35. Yang attempted to walk into the dining room, carrying her bowl of food. *See id.* Sun followed her and "tapped" her from behind, causing her to fall into the dining room table, spilling her bowl of food. *See id.* Yang then attempted to flee back into the kitchen and Sun followed, holding an aluminum baseball bat. *Id.* at 52-56. Sun hit Yang with the bat on her back and legs, resulting in painful bruises. *Id.* at 28-35, 44-48, 52-56. Yang called the police for help and "home violence." *Id.* at 49-50.

Police Officers Adrianne Rodriguez and Ryan Moore responded to the scene, where Yang was visibly upset and had fresh, swelling red injuries on her back and leg. *Id.* at 97-101. Sun had no observable injuries. *Id.* at 105-07, 133-35. Sun stated to Officer Moore that he and his wife had a verbal argument that turned physical. He admitted he lost control, grabbed the baseball bat, and hit his wife with it. *Id.* at 133-35, 142.

Yang gave a written statement to the police, in which she stated that Sun had pushed her into the dining room table, causing their son to flee upstairs and Yang to run into the kitchen. *See* Commonwealth Ex. C-8. Sun then followed Yang into the kitchen with a baseball bat, and when she continued to argue with him, hit her with the bat on her back and leg while she attempted to defend herself with a plastic spatula. *See id.* During this time, Sun and Yang's children were crying and attempting to defend their mother with a golf club. *See id.*

At trial, Yang testified that she did not lie to the police or in her statement but said that Sun had hit her "accidentally" and had not intended

- 2 -

to injure her. N.T., 1/29/20, at 46-48, 52. In response, the Commonwealth introduced Yang's written statement into evidence. *See* Commonwealth's Ex. 8. The Commonwealth also introduced into evidence photographs of the red and swollen marks on Yang's body. *See* N.T., 1/29/20, at 46-48. 52' Commonwealth's Ex. 5, 6.

On January 30, 2020, a jury convicted Sun of all charges. On July 9, 2020, the court sentenced Sun to 48 hours to 23 months of incarceration and 36 months of concurrent probation on the aggravated assault conviction. The court denied Sun's motion for extraordinary relief, which raised challenges to the sufficiency of the evidence and claims of prosecutorial misconduct. On July 17, 2020, Sun filed post-sentence motions. Following the filing of briefs, on November 2, 2020, the court held a hearing on the motions. The motions were denied by operation of law on December 2, 2020. Sun timely filed the instant appeal.

Sun raises the following issues:

> 1. Was the evidence insufficient as a matter of law to sustain the conviction for aggravated assault, 18 Pa.C.S. § 2702(a)(4), where there was no evidence that the manner in which [Sun] used or intended to use his child's baseball bat was calculated or likely to produce death or serious bodily injury as the statute requires to constitute a "deadly weapon?"
>
> 2. In the event the Court denies relief on the sufficiency of the evidence claim, should it remand the matter, as the lower court suggested, in order to adduce trial counsel's testimony on whether he had a strategic reason for failing to object to the trial court's failure to instruct the jury on the definition of the term "serious bodily injury," as this term is an essential component of the element of the offense of

aggravated assault, 18 Pa.C.S. § 2702(a)(4), alleging that [Sun] employed a deadly weapon?

Sun's Br. at 3.[2]

Sun contends that the evidence was insufficient to convict him of Aggravated Assault because there was "no evidence" in the record to establish that he "used the bat or intended to use the bat in a way to cause death." Sun's Br. at 15. He also contends that he did not "use it in a manner likely to cause" injuries sufficient to prove that the bat was a "deadly weapon." **Id.** Essentially, he argues that because he only struck Yang once on the back and once on the leg, he did not cause or act in a way that could have caused serious injury to her and therefore the verdict should be overturned. **Id.**

When reviewing a challenge to the sufficiency of the evidence, our standard of review is *de novo*, while "our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Commonwealth v. Rushing**, 99 A.3d 416, 420-21 (Pa. 2014). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). The Commonwealth may sustain its

---

[2] To the extent that Sun argues his statements to the police should be excluded because he was not advised of his rights pursuant to **Miranda v. Arizona**, 384 U.S. 436 (1966), we reject this assertion. Sun did not file a suppression motion and issues not raised in the trial court may not be considered on appeal. **See** Pa.R.A.P. 302.

burden by means of wholly circumstantial evidence. ***Commonwealth v. Dix***, 207 A.3d 383, 390 (Pa.Super. 2019). Further the trier of fact is free to believe, all, part, or none of the evidence presented when making credibility determinations. ***Commonwealth v. Beasley***, 138 A.3d 39, 45 (Pa.Super. 2016) (citation omitted). "[T]his Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed." ***Commonwealth v. Smith***, 146 A.3d 257, 261 (Pa.Super. 2016).

The subsection of the Aggravated Assault statute under which Sun was found guilty requires the use of "a deadly weapon." 18 Pa.C.S.A. § 2702(a)(4).[3] A "deadly weapon" includes "any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S.A. § 2301. "Serious bodily injury" is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." ***Id.*** "Bodily injury" is "[i]mpairment of physical condition or substantial pain." ***Id.***

---

[3] The subsection provides that "[a] person is guilty of aggravated assault if" the person "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S.A. § 2702(a)(4).

Putting the definitions together, and as pertains to the evidence in this case, something is a "deadly weapon" if the evidence proves beyond a reasonable doubt that a device or instrumentality was used in a manner likely to produce substantial risk of protracted loss or impairment of function of any bodily member or organ. *Id.* A baseball bat can constitute a deadly weapon. *See Commonwealth v. Prenni*, 55 A.2d 532, 533 (Pa. 1947); *Commonwealth v. Johnson*, 719 A.2d 778, 785 (Pa.Super. 1998) (*en banc*).

In the instant case, the evidence sufficed to prove that the aluminum baseball bat was a "deadly weapon." The evidence that Sun used the bat to hit his wife in the back – an area of the body in which he could easily have caused serious injury to her spine, kidneys, and other body parts – was enough. The jury had sufficient evidence before it to conclude that Sun used the bat in a way that was likely to produce substantial risk of protracted loss or impairment of function of a bodily member or organ. *See Johnson*, 719 A.2d at 785; 18 Pa.C.S.A. §§ 2301, 2702(a)(4).

Sun's remaining issue contends that we should remand the matter in order to have trial counsel testify as to his strategic reasons for failing to object to the trial court's lack of jury instruction on the term "serious bodily injury." Sun's Br. at 20. This issue was not appropriately before the trial court at the time of Sun's post-sentence motion and is not appropriately before this Court now. Ordinarily, ineffectiveness claims must wait until collateral review. *Commonwealth v. Holmes*, 79 A.3d 562, 620 (Pa. 2013) ("claims of

ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed on direct appeal."); **see also Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002).

Although there are limited circumstances in which a trial court may consider ineffectiveness claims on post-sentence motions, and this Court may consider them on direct appeal, they do not exist here. Ineffectiveness claims do not have to await collateral review in two situations: (1) where the trial court determines that a claim of ineffectiveness is both meritorious and apparent from the record such that immediate consideration and relief is warranted; and (2) where the trial court finds good cause for unitary review, and the defendant makes a knowing and express waiver of his entitlement to seek PCRA review. **Holmes**, 79 A.3d at 564, 577.

Neither circumstance is applicable here. Sun's request that trial counsel testify as to his reasoning amounts to an admission that the reason is not apparent from the record. Nor has Sun expressly waived collateral review. Accordingly, we may not consider Sun's claim, and he is not entitled to relief. **Id.** at 620.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/4/21</u>